**Scott L. Mitchell**

| | |
|---|---|
| From: | Scott L. Mitchell |
| Sent: | Wednesday, December 05, 2001 9:59 AM |
| To: | Douglas A. Pothul |
| Cc: | Andrew D. Friedlander; Guy V. Kidder; Tammie Sanada; Shannon K. Smith; Sandra A. Ching |
| Subject: | RE: Sports Shinko |

Allred just called wanting an update. I told him our instructions and said "Ron, the only thing I can tell you is that the offers were not high enough to motivate them and that now that La Costa has closed, there may not be as much pressure to sell". He said that he won't re-submit another offer until he gets response from them, but as far as he is concerned, the offers are dead.

My guess is that Moshe will react similarly and we will need to contact him shortly.

-----Original Message-----
| | |
|---|---|
| From: | Douglas A. Pothul |
| Sent: | Tuesday, December 04, 2001 5:51 PM |
| To: | Scott L. Mitchell; Guy V. Kidder |
| Cc: | Andrew D. Friedlander; 'yamauchi@assetmanagers.to'; Shannon K. Smith; Tammie Sanada; Sandra A. Ching |
| Subject: | Sports Shinko |

Scott & Guy,

I spoke with Satoshi Kinoshita this evening.

He was instructed to "hold" the marketing on the golf courses by his father for at least a month.

Please pass this on to those buyers actively pursuing SS's golf courses.

We can discuss further tomorrow.

Doug.



008 0733



***ATTORNEY-CLIENT PRIVILEGE***                196

```
 1              IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
 2                          STATE OF HAWAII
 3   ---------------------------------------------
 4   SPORTS SHINKO (USA) CO., LTD., a Delaware
 5   Corporation; SPORTS SHINKO (MILILANI)
 6   CO., LTD., a Hawaii corporation, et al.,
 7              Plaintiff,
 8        vs.                 Case No. 02-1-2766-11 (EEH)
 9   RESORT MANAGEMENT SERVICES
10   (HAWAII), INC., a Hawaii corporation,
11   YASUO NISHIDA, SATOSHI KINOSHITA, et al.
12              Defendants.
13   ---------------------------------------------
14
15              DEPOSITION OF SATOSHI KINOSHITA
16                          (Volume III)
17
18   Taken on behalf of the Plaintiff at Alston Hunt Floyd &
19   Ing, 1001 Bishop St., ASB Tower, 18th Floor, Honolulu,
20   Hawaii 96813, commencing at 9:00 a.m., Thursday, April
21   21, 2005, pursuant to Notice.
22
23   BEFORE:   BARBARA ACOBA, CSR No. 412, RPR
24             Notary Public, State of Hawaii
25
```

                        RALPH ROSENBERG COURT REPORTERS
                         Honolulu, Hawaii  (808) 524-2090

***ATTORNEY-CLIENT PRIVILEGE***                197

```
 1   APPEARANCES:
 2   For Plaintiff:         GLENN MELCHINGER, Esq.
 3                          ALSTON HUNT FLOYD & ING
 4                          ASB Tower
 5                          1001 Bishop St., 18th Floor
 6                          Honolulu, Hawaii 96813
 7
 8   For Defendant SATOSHI KINOSHITA:
 9                          JOHN KOMEIJI, Esq.
10                          WATANABE ING KAWASHIMA & KOMEIJI
11                          First Hawaiian Center
12                          999 Bishop St., 23rd Floor
13                          Honolulu, Hawaii 96813
14
15
16   Also Present:          STEVEN SILVER - Interpreter
17
18
19
20
21
22
23
24
25
```

```
 1      Q.   Okay.  And did you send this to somebody
 2   afterwards when you got it?
 3           MR. KOMEIJI:  Same objection regarding
 4   relevancy and not reasonably calculated to lead to
 5   discovery of admissible evidence.
 6           THE WITNESS:  I sent this to the president
 7   through Mr. Fukuda as well.
 8   BY MR. MELCHINGER:
 9      Q.   Did you receive a response or an instruction or
10   something from the president after you sent this?
11      A.   No.  I was initially told to just leave it as
12   is.
13           MR. MELCHINGER:  Mark that Exhibit 51, please.
14           (Exhibit 51 marked for identification.)
15   BY MR. MELCHINGER:
16      Q.   This is an e-mail that came out of, and I'll
17   make this representation, the McCorriston files produced
18   pursuant to subpoena in the bankruptcy court and I'd
19   like you to look below on the bottom half of this and it
20   refers to a telephone conference between you,
21   Dr. Kinoshita, and Mr. Pothul.  And I want to ask, after
22   you've had a chance to review this document, whether you
23   recall having that conversation.
24      A.   Yes.
25      Q.   Did you tell Mr. Pothul, based on instructions
```

```
 1  from your father, to hold on marketing the golf courses;
 2  is that right?
 3       A.   Yes.  Of course.  I did convey those
 4  instructions from the president.
 5       Q.   Did the president tell you why he wanted
 6  Colliers to stop marketing the golf courses for some
 7  period of time?
 8       A.   No.
 9       Q.   Did you hear any other person tell you why, did
10  Mr. Fukuda talk to you about why the marketing for the
11  golf courses should be stopped, for example?
12       A.   I heard from Mr. Fukuda that the president was
13  extremely displeased with Colliers because they had not
14  sent him any offers that he was satisfied with.
15       Q.   Was the president scheduled to come and visit
16  Hawaii in early December, in around the time you
17  received the KG Holdings letter that is Exhibit 50?
18       A.   No, I don't believe so.
19            MR. MELCHINGER:  Let's mark that 52.
20            (Exhibit 52 marked for identification.)
21  BY MR. MELCHINGER:
22       Q.   Showing you what's been marked Exhibit 52 to
23  your deposition.  Do you remember seeing this document
24  before?
25       A.   I don't recall.
```

```
 1                    C E R T I F I C A T E

 2   STATE OF HAWAII              )

 3   CITY AND COUNTY OF HONOLULU  )

 4          I, BARBARA ACOBA, Certified Shorthand

 5   Reporter and Notary Public, State of Hawaii, do

 6   hereby certify:

 7          That on Thursday, April 21, 2005, at

 8   9:00 a.m., appeared before me SATOSHI KINOSHITA, the

 9   witness whose deposition is contained herein; that

10   prior to being examined he was by me duly sworn;

11          That the deposition was taken down by me

12   in machine shorthand and was thereafter reduced to

13   typewriting under my supervision; that the foregoing

14   represents, to the best of my ability, a true and

15   correct transcript of the proceedings had in the

16   foregoing matter.

17          I further certify that I am not an attorney

18   for any of the parties hereto, nor in any way concerned

19   with the cause.

20          Dated this 30th day of April, 2005,

21   in Honolulu, Hawaii.

22                      _____

23                      BARBARA ACOBA, CSR NO. 412

24                      Notary Public, State of Hawaii

25                      My Commission Exp: 10-22-2008
```