OFFICE OF THE
ASSISTANT REGISTRAR, LAND COURT
STATE OF HAWAII
(Bureau of Conveyances)

The original of this document was recorded as follows:

DOCUMENT NO. 2002-018811

DATE Feb 01 2002   TIME 2:00 pm

---

|  LAND COURT  |  REGULAR SYSTEM  |
|---|---|

AFTER RECORDATION, RETURN BY MAIL ( )   PICK-UP (✓) 5 PGS.

MILES B. FURUTANI, Attn-at-Law
Suite 600 220 So. King St.
Honolulu, HI. 96813

---

TITLE OF DOCUMENT:

WARRANTY DEED

---

PARTIES TO DOCUMENT:

GRANTOR:   SPORTS SHINKO (PUKALANI) CO., LTD., a Hawaii corporation

GRANTEE:   RESORT MANAGEMENT SERVICES (HAWAII), INC., a Hawaii corporation
           360 Pukalani Street
           Pukalani, Maui, HI. 96768

---

| PROPERTY DESCRIPTION: | LIBER/PAGE: 23976/600 |
|---|---|
| TMK NO.: (2) 3-2-020-034<br>LOT 80, area 7,855 sq. ft.<br>"Leisure Estates at Waiehu"<br>Kapoino, Waiehu, Wailuku,<br>Maui, Hawaii | DOCUMENT NO.:<br>TRANSFER CERTIFICATE OF<br>TITLE NO(S).: |

D:\AEN\WARRDEED\C-CReMan

EXHIBIT 64
37
S. Kinoshita

EXHIBIT 33

KNOW ALL MEN BY THESE PRESENTS:

That **SPORTS SHINKO (PUKALANI) CO., LTD.**, a Hawaii corporation, having its principal place of business and post office address in Pukalani, County of Maui, State of Hawaii, hereinafter called "Grantor", for and in consideration of the sum of TEN DOLLARS ($10.00) and other valuable consideration to it paid by **RESORT MANAGEMENT SERVICES (HAWAII), INC.**, a Hawaii corporation, having its principal place of business and post office address at 360 Pukalani Street, Pukalani, Maui, HI. 96768, hereinafter called "Grantee", the receipt whereof is hereby acknowledged, does hereby give, grant, bargain, sell and convey unto the Grantee, its successors and assigns, forever, the property more particularly described on **EXHIBIT "A"** attached hereto and made a part hereof.

AND the reversions, remainders, rents, issues and profits thereof, and all of the estate, right, title and interest of the Grantor, both at law and in equity, therein and thereto.

TO HAVE AND TO HOLD the same, together with all buildings, improvements, rights, easements, privileges and appurtenances thereunto belonging or appertaining or held and enjoyed in connection therewith, unto said Grantee, its successors and assigns, forever.

AND said Grantor does hereby covenant with said Grantee that it is lawfully seised in fee simple of the said granted property and has good right to grant and convey the same as aforesaid; that said property is free and clear of all encumbrances, except as aforesaid; and that it will, and its successors and assigns shall WARRANT and DEFEND the same unto the Grantee, its successors and assigns, forever, against the lawful claims and demands of all persons, whomsoever, except as aforesaid.

IN WITNESS WHEREOF, the Grantor has hereunto set its hand on this \_\_31st\_\_ day of \_\_\_January_____, 2002.

SPORTS SHINKO (PUKALANI) CO., LTD.,
a Hawaii corporation

By \_\_\_\_Satoshi Kinoshita\_\_\_\_
   Its VICE PRESIDENT

By _____
   Its

2

STATE OF HAWAII              )
                             ) ss.
CITY AND COUNTY OF HONOLULU  )

On this 31st day of January, 2002, before me personally appeared Satoshi Kinoshita and _____, to me known, who, being by me duly sworn, did say that they are the Vice President and _____, respectively, of **SPORTS SHINKO (PUKALANI) CO., LTD.**, a Hawaii corporation; that said instrument was signed on behalf of said corporation by authority of its Board of Directors, and said Satoshi Kinoshita and _____ acknowledged said instrument to be the free act and deed of said corporation.

_Valerie J. Yoshimoto_
(Name) VALERIE T. YOSHIMOTO
Notary Public, First Judicial
Circuit, State of Hawaii.

My commission expires: 1/21/05



3

## EXHIBIT "A"

All of that certain parcel of land situate at Kapoino, Waiehu, Wailuku, Island and County of Maui, State of Hawaii, described as follows:

**LOT 80**, area 7,855 square feet, more or less, as delineated on the map entitled **"LEISURE ESTATES AT WAIEHU"**, which said map was filed in the Bureau of Conveyances of the State of Hawaii as File Plan No. 1872.

Being all of the land conveyed to **SPORTS SHINKO (PUKALANI) CO., LTD.**, a Hawaii corporation, by WARRANTY DEED dated December 6, 1989 recorded in the Bureau of Conveyances of the State of Hawaii in Book 23976, Page 600.

SUBJECT, HOWEVER, to the following encumbrances:

1. Reservation in favor of the State of Hawaii of all mineral and metallic mines.

2. The terms, provisions, covenants, easements and reservations as contained in the following:

    LEASE OF EASEMENT

    Lessor:  WAILUKU SUGAR COMPANY, a Hawaii corporation

    Lessee:  COUNTY OF MAUI, a political subdivision of the State of Hawaii.

    Dated:   November 16, 1967
    Book:    5906
    Page:    299
    Term:    Thirty (30) years commencing the date hereof, and thereafter from year to year until terminated.
    Re:      An easement for water pipeline purposes.

3. Covenants, conditions, restrictions, reservations, agreements, obligations, exceptions and other provisions as contained in DEED dated April 5, 1973 recorded as aforesaid in Book 9054, Page 67; but omitting any covenants or restrictions if any, based upon race, color, religion, sex, handicap, familial status, or national origin unless and only to the extent that said covenant (a) is exempt under Chapter 42, Section 3607 of the United States Code or (b) relates to handicap but does not discriminate against handicapped persons.

4. AGREEMENT TO DEVELOP WAIEHU OCEANVIEW ESTATES IN THREE PHASES made by and between ASC LAND CORP., a Hawaii corporation, and the COUNTY OF MAUI, a body politic and corporate, and a political subdivision of the State of Hawaii, through its Department of Public Works and its Department of Water Supply, dated February 7, 1986, recorded as aforesaid in Book 19291, Page 756.

5. The terms, provisions, covenants, easements and reservations as contained in DECLARATION OF RESTRICTIVE COVENANTS FOR LEISURE ESTATE AT WAIEHU (formerly Waiehu Oceanview Estates), dated April 6, 1987, recorded as aforesaid in Book 20532, Page 784, but omitting any covenants or restrictions if any, based upon race, color, religion, sex, handicap, familial status, or national origin unless and only to the extent that said covenant (a) is exempt under Chapter 42, Section 3607 of the United States Code or (b) relates to handicap but does not discriminate against handicapped persons.

    The foregoing Declaration was amended by AMENDMENT OF DECLARATION OF RESTRICTIVE COVENANTS FOR LEISURE ESTATE AT WAIEHU (formerly Waiehu Oceanview Estates) dated April 20, 1987 recorded as aforesaid in Book 20577, Page 131.

***ATTORNEY-CLIENT PRIVILEGE***                96

```
 1            IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
 2                          STATE OF HAWAII
 3    ------------------------------------
 4    SPORTS SHINKO (USA) CO., LTD., a Delaware
 5    Corporation; SPORTS SHINKO (MILILANI)
 6    CO., LTD., a Hawaii corporation, et al.,
 7            Plaintiff,
 8       vs.            Case No. 02-1-2766-11 (EEH)
 9    RESORT MANAGEMENT SERVICES
10    (HAWAII), INC., a Hawaii corporation,
11    YASUO NISHIDA, SATOSHI KINOSHITA, et al.
12            Defendants.
13    ------------------------------------
14
15              DEPOSITION OF SATOSHI KINOSHITA
16                         (Volume II)
17
18    Taken on behalf of the Plaintiff at Alston Hunt Floyd &
19    Ing, 1001 Bishop St., ASB Tower, 18th Floor, Honolulu,
20    Hawaii 96813, commencing at 9:04 a.m., Wednesday, April
21    20, 2005, pursuant to Notice.
22
23    BEFORE:   BARBARA ACOBA, CSR No. 412, RPR
24              Notary Public, State of Hawaii
25
```

***ATTORNEY-CLIENT PRIVILEGE***                    97

```
 1    APPEARANCES:
 2    For Plaintiff:         GLENN MELCHINGER, Esq.
 3                           ALSTON HUNT FLOYD & ING
 4                           ASB Tower
 5                           1001 Bishop St., 18th Floor
 6                           Honolulu, Hawaii 96813
 7
 8    For Defendant SATOSHI KINOSHITA:
 9                           JOHN KOMEIJI, Esq.
10                           WATANABE ING KAWASHIMA & KOMEIJI
11                           First Hawaiian Center
12                           999 Bishop St., 23rd Floor
13                           Honolulu, Hawaii 96813
14
15
16    Also Present:          STEVEN SILVER - Interpreter
17
18
19
20
21
22
23
24
25
```

1  Mr. Mukai and he reviewed it, and you have a clear
2  recollection as you sit here today that he said the same
3  thing, a good deal if you could settle all the
4  termination fees for the transfer of the Maui residence
5  to RMS; is that right?
6      A.   Yes.
7      Q.   So is your testimony today that you and
8  Mr. Fukuda and Mr. Mukai all misread this document?
9           MR. KOMEIJI:   That's argumentative.
10          THE WITNESS:   It was probably the case that it
11 was only I, myself, who misread the document and I
12 probably am not recalling correctly the opinions that
13 were espoused by Mr. Fukuda and Mr. Mukai.  They
14 probably had different opinions.
15          MR. MELCHINGER:   Let's mark this as 37 and 38.
16      (Exhibits 37 & 38 marked for identification.)
17 BY MR. MELCHINGER:
18      Q.   First, if you could look at Exhibit 37.  When
19 you've had a chance to review, tell me whether you've
20 seen that document before.
21          MR. KOMEIJI:   You just want him to review 37
22 for now?
23          MR. MELCHINGER:   Just 37 for now.
24 BY MR. MELCHINGER:
25      Q.   On page two of that document, is that your

```
 1   signature?
 2       A.   Yes.
 3       Q.   Okay.  Do you remember signing this document?
 4       A.   Yes.
 5       Q.   Can you tell me what it is or what you
 6   understand Exhibit 37 to be?
 7       A.   It's a deed transferring the Maui residence.
 8       Q.   This is the Maui residence that is referred to
 9   in Exhibit 35, the letter from Mr. Furutani; is that
10   right?
11       A.   Yes.
12       Q.   And what did you understand would be the affect
13   of Exhibit 37?  What would it do?  What was its purpose?
14       A.   My understanding was that, based on this
15   document, the Maui residence would be transferred from
16   Sports Shinko Pukulani Company, Limited to RMS.
17       Q.   And on the first page of Exhibit 37, there's a
18   name Miles Furutani; is that right?
19       A.   Yes.
20       Q.   Do you recall that this was a form of deed that
21   he sent to you?
22       A.   I believe that I went over to his office to
23   sign this.
24       Q.   If you look on page two of -- I'm sorry,
25   actually it's labeled page three, but it's actually page
```

```
 1         I, SATOSHI KINOSHITA, hereby certify that I
 2    have read the foregoing typewritten pages 96
 3    through page ____, inclusive, and corrections, if any
 4    were noted by me, and the same is now a true and
 5    correct transcript of my testimony.
 6         DATED:    Honolulu, Hawaii, _____
 7
 8
 9                        _____
10                        SATOSHI KINOSHITA
11
12    Signed before me this _____
13    day of _____, 2005.
14
15    _____
16
17
18
19
20
21
22    Case:     SPORTS SHINKO, ET AL vs. RMS, ET AL
23    Case No:  02-1-2766-11 (EEH)
24    Deposition Dated:   April 20, 2005
25    Taken By: Barbara Acoba
```

MAY 02 2005

```
 1                    C E R T I F I C A T E

 2   STATE OF HAWAII                )

 3   CITY AND COUNTY OF HONOLULU    )

 4           I, BARBARA ACOBA, Certified Shorthand

 5   Reporter and Notary Public, State of Hawaii, do

 6   hereby certify:

 7           That on Wednesday, April 20, 2005, at

 8   9:04 a.m., appeared before me SATOSHI KINOSHITA, the

 9   witness whose deposition is contained herein; that

10   prior to being examined he was by me duly sworn;

11           That the deposition was taken down by me

12   in machine shorthand and was thereafter reduced to

13   typewriting under my supervision; that the foregoing

14   represents, to the best of my ability, a true and

15   correct transcript of the proceedings had in the

16   foregoing matter.

17           I further certify that I am not an attorney

18   for any of the parties hereto, nor in any way concerned

19   with the cause.

20           Dated this 30th day of April, 2005,

21   in Honolulu, Hawaii.

22                       _____

23                       BARBARA ACOBA, CSR NO. 412

24                       Notary Public, State of Hawaii

25                       My Commission Exp: 10-22-2008
```