TABLE OF CONTENTS

I.   Introduction ............................................................................................... 1

II.  The Court Fundamentally Misunderstands the Allegations Against
     the KG Defendants .................................................................................... 4

III. The Order Improperly Affords Special Powers To SS-Japan,
     SS-USA and Goldman Sachs ..................................................................... 6

     A.  Applying Japanese Law, The Court is Manifestly In Error
         Concluding That Goldman Sachs or Plaintiffs Acquired
         Special Rights To Pursue KG From The Bankruptcy Trustee ..... 6

         1.  The Law of Japan Is Controlling ........................................ 6

         2.  The Order Misapplies Japan Law ....................................... 7

     B.  Applying U.S. Law, The Court is Manifestly In Error
         Concluding That Goldman Sachs or Plaintiffs Acquired
         Special Rights To Pursue KG From The Bankruptcy Trustee ..... 9

     C.  Scholes and O'Melveny Do Not Support The Court's
         Legal Conclusions .......................................................................... 12

IV.  The "Sole Owner Rule" Should Be Applied
     As A Matter Of Law ................................................................................... 15

     A.  Toshio and His Sons Had Complete Ownership of SS-Japan ..... 15

     B.  Toshio Alone Controlled The SS Companies,
         Notwithstanding His Sons' Ownership Interest ........................... 16

     C.  SS-Japan, And Therefore Toshio, Owned 100% of SS-USA ...... 18

     D.  SS-USA, and Therefore Toshio, Owned 100% of SS-
         Hawaii, etc. ..................................................................................... 18

     E.  There is No Dispute that Toshio Approved The Sale of the
         Hawaii Assets To KG ..................................................................... 19

     F.  Toshio's Control is Sufficient to Invoke the Sole Owner
         Rule As a Matter of Law ................................................................ 19

V.   KG Disputes The Underlying Debts In This Case ................................. 20

i

## TABLE OF CONTENTS (cont'd)

| | | |
|---|---|---|
| VI. | The Plaintiff's Officers All Acted to Effectuate the Sale of the Mililani Property. The Transaction Was Not "Secret"............................ | 22 |
| VII. | The Sale of the Sewage Treatment Plant Was Part of the Same Transaction as the Sale of the Other Hawaii Properties To KG.................. | 23 |
| VIII. | Conclusion .............................................................................................. | 25 |

# TABLE OF AUTHORITIES

**CASES**

British Airways Bd. v. Boeing Co., 585 F.2d 946 (9th Cir. 1978) .................. 19

Camerer v. California Sav. & Commercial Bank, 48 P.2d 39 (Cal. 1935) ........................................................................................................... 14

F.D.I.C. v. O'Melveny & Myers, 61 F.3d 17 (9th Cir. 1995) ........................ 13-14

Hays & Co., v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 885 F.2d 1149, (3d Cir. 1989)............................................................................ 10

In re Leasing Consultants, 592 F.2d 103 (2d Cir. 1978) ............................... 10

In re Mediators, 105 F.3d 822 (2d Cir. 1997).............................................. 19-20

In re Personal and Business Ins. Agency, 334 F.3d 239 (3d Cir. 2003) ............................................................................................................ 10

Kim v. Co-op. Centrale Raiffeisen-Boerenleebank B.A., 364 F.Supp. 2d 346 (S.D.N.Y. 2005)................................................................................ 8

McKesson HBOC, Inc. v. Islamic Republic of Iran, 271 F.3d 1101 (D.C. Cir. 2001) ................................................................................................ 8

Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., 267 F.3d 340 (3d Cir. 2001) ....................................................................... 10, 11

Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards, 437 F.3d 1145 (11th Cir. 2006)........................................................................ 11

Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147 (2nd Cir. 2003)............................... 19-20

Scholes v. Lehmann, 56 F.3d 750 (7th Cir.), cert. denied, 516 U.S. 1028 (1995) .................................................................................................. 12-14

**STATUTES**

11 U.S.C. § 541 ............................................................................................. 9-11

11 U.S.C. § 544(b) ........................................................................................ 10, 11

## TABLE OF AUTHORITIES (cont'd)

| | |
|---|---|
| 11 U.S.C. § 548 | 10, 11 |
| HRS § 247-1 | 24 |
| HRS Ch. 651C | 5 |

### OTHER AUTHORITIES

| | |
|---|---|
| 37 Am. Jur. 2d Fraudulent Conveyances and Transfers § 131 | 13 |
| F.R.Civ.P. 12(b) | 21 |
| F.R.Civ.P. 44.1 | 8 |
| F.R.Civ.P. 56 | 21, 26 |
| Japan Corporate Reorganization Law, Japan Law No. 172, June 7, 1952 | 1, 7 |
| Collier on Bankruptcy ¶ 323.02[4] | 10 |