IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japan corporation,<br>        Plaintiff,<br>  vs.<br>QK HOTEL, LLC, a Hawaii limited liability company, et al.<br>        Defendants<br>  and<br>FRANKLIN K. MUKAI,<br>        Third-Party Plaintiff,<br>  vs.<br>SPORTS SHINKO (USA) CO., LTD., a Delaware Corporation, et al.<br>AND CONSOLIDATED CASES | CV 04-00124 ACK-BMK<br>CV 04-00125 ACK-BMK<br>CV 04-00126 ACK-BMK<br>CV 04-00127 ACK-BMK<br>CV 04-00128 ACK-BMK<br><br>CONSOLIDATED CASES<br><br>DECLARATION OF<br>WAYNE TANIGAWA |

DECLARATION OF WAYNE TANIGAWA

Pursuant to 28 U.S.C. § 1746, WAYNE TANIGAWA states as follows:

1.    I am a resident of the City and County of Honolulu, State of Hawaii.

2.    I make the statements in this declaration based upon personal knowledge.

3.    I am a member of the following Hawaii limited liability companies: KG Holdings, LLC, Kiahuna Golf Club, LLC, KG Kauai Development, LLC, Pukalani Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, QK Hotel, LLC and OR Hotel, LLC (hereafter, "KG and Subsidiaries"). Pukalani

Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, QK Hotel, LLC and OR Hotel, LLC are referred to as "KG's Subsidiaries".

    4.    Before KG's Subsidiaries acquired, among other things, the assets of Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., and Sports Shinko (Waikiki) Co., Ltd. in a single transaction in early 2002, KG and Subsidiaries considered whether to take an assignment of the foregoing Sports Shinko companies' contracts for management services ("Management Services Contracts") with Resort Management Services (Hawaii) Inc. ("RMS").

    5.    By the closing date of the transaction on January 25, 2002, KG and Subsidiaries decided it was not in their best interest to take an assignment or otherwise undertake the contractual obligations of the Sports Shinko companies under the Management Services Contracts, and the Sports Shinko companies were so advised prior to January 25, 2002.

    6.    Neither I, nor KG and Subsidiaries, nor anyone on behalf of KG and Subsidiaries have made any payment to RMS or its directors, shareholders, or officers for the termination fees provided for in the foregoing Management Services Contracts, or have any future obligation or intention to pay such fees.

    7.    Neither I, nor KG and Subsidiaries, nor anyone on behalf of KG and Subsidiaries have made any payment to Sports Shinko Co., Ltd., Sports Shinko

(USA) Co., Ltd., Sports Shinko (Hawaii) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., Sports Shinko (Waikiki) Co., Ltd., Sports Shinko Resort Hotel Corporation, or any other Sports Shinko company, except for those payments required to be paid pursuant to the Purchase and Sale Agreement made as of January 15, 2002 and the promissory notes made pursuant thereto.

8.   Neither I, nor KG and Subsidiaries, nor anyone on behalf of KG and Subsidiaries have made any payment to Toshio Kinoshita or to anyone known or believed to be acting on his behalf, and have no obligation or intention to make such a payment in the future.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Honolulu, Hawaii on April  11 , 2006.


/s/ Wayne Tanigawa
WAYNE TANIGAWA

3