IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japan corporation,<br>　　　　Plaintiff,<br>　　vs.<br>QK HOTEL, LLC, a Hawaii limited liability company, et al.<br>　　　　Defendants,<br>　　and<br>FRANKLIN K. MUKAI,<br>　　　　Third-Party Plaintiff,<br>　　vs.<br>SPORTS SHINKO (USA) CO., LTD., a Delaware Corporation, et al.<br>AND CONSOLIDATED CASES | CV 04-00124 ACK-BMK<br>CV 04-00125 ACK-BMK<br>CV 04-00126 ACK-BMK<br>CV 04-00127 ACK-BMK<br>CV 04-00128 ACK-BMK<br><br>CONSOLIDATED CASES<br><br>DECLARATION OF YASUO NISHIDA; EXHIBITS N1-N3 |

DECLARATION OF YASUO NISHIDA

Pursuant to 28 U.S.C. § 1746, YASUO NISHIDA states as follows:

1.　　I am a resident of the County of Maui, State of Hawaii.

2.　　I make the statements in this declaration based upon personal knowledge.

3.　　I am the sole shareholder, sole officer and sole director of Resort Management Services (Hawaii) Inc. ("RMS"), a Hawaii corporation.

4.　　RMS has not engaged in any business activities since February 2003.

5. RMS entered into five contracts to provide management services to 1) Sports Shinko (Mililani) Co., Ltd., to manage the Mililani Golf Course, 2) Sports Shinko (Kauai) Co., Ltd., to manage the Kiahuna Golf Course, 3) Sports Shinko (Pukalani) Co., Ltd., to manage the Pukalani Golf Course, and 4) and 5) Sports Shinko (Waikiki) Co., Ltd., to manage the Queen Kapiolani Hotel and Ocean Resort Hotel Waikiki (collectively, "Management Services Contracts").  The Management Services Contracts were dated August 31, 2000 (except in the case of the contract with Sports Shinko (Pukalani) Co., Ltd., which was restated and dated September 1, 2000).  The golf course and hotel properties described in this paragraph are referred to as the "Properties".

6. The Management Services Contracts provided for termination fees which, in the aggregate, totaled $3.5 million ("Termination Fees").

7. When the Properties were sold by Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., and Sports Shinko (Waikiki) Co., Ltd. to subsidiaries of KG Holdings, LLC in early 2002, KG Holdings LLC and its subsidiaries did not assume the responsibilities of the Management Services Contracts.  This triggered an obligation by the Sports Shinko entities that signed the Management Services Contracts to pay Termination Fees to RMS.

8. The only payment received by RMS for Termination Fees was a residence transferred to RMS by Sports Shinko (Pukalani) Co., Ltd. (the "Pukalani Residence") on February 1, 2002. The Pukalani Residence had an agreed value of $200,000, which amount was offset against the Termination Fee owed to RMS by Sports Shinko (Pukalani) Co., Ltd.

9. RMS received no payments for Termination Fees after early February 2002.

10. RMS did not receive any payments for Termination Fees, or anything of value as an offset against Termination Fees from KG Holdings, LLC, its members, owners or subsidiaries.

11. RMS has not assigned its right to receive Termination Fees.

12. RMS and others were sued by Sports Shinko Co., Ltd, Sports Shinko (USA) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., and Sports Shinko (Waikiki) Co., Ltd. in an action initiated in the Circuit Court of the First Circuit, State of Hawaii, Civil No. 02-1-002766 on November 26, 2002 ("RMS Litigation"). The Amended Complaint in the RMS Litigation is attached as Exhibit N1.

13. The RMS litigation was settled on December 27, 2004, when the agreed settlement terms were placed on the record before Hawaii Circuit Court Judge Sabrina McKenna. The settlement provided, among other things, that RMS

3

released all claims for Termination Fees. RMS also agreed to convey the Pukalani Residence back to Sports Shinko (Pukalani) Co., Ltd. as part of the settlement. The deed transferring the Pukalani Residence from RMS to Sports Shinko (Pukalani) Co., Ltd. dated December 30, 2004, is attached as Exhibit N2. The Notice of Dismissal with Prejudice filed by plaintiffs in the RMS Litigation on January 3, 2005 is attached as Exhibit N3.

14. A definitive written settlement agreement for the RMS Litigation has not been executed because plaintiffs' counsel has not yet circulated a settlement agreement for review and signature, as they agreed to do.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Pukalani, Hawaii on April ___, 2006.


/s/ Yasuo Nishida
YASUO NISHIDA