IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

|  |  |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>QK HOTEL, LLC, a Hawaiʻi limited liability company, et al.,<br><br>　　　　Defendants,<br><br>　and<br><br>FRANKLIN K. MUKAI,<br><br>　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>SPORTS SHINKO (USA) CO.; LTD., a Delaware corporation, et al.,<br><br>　　　　Third-Party Defendants.<br>_____ | CIVIL NO. CV 04-00124<br>　　　　ACK/BMK<br><br>CONSOLIDATED CASES<br><br>**DECLARATION OF<br>TSUGIO FUKUDA;<br>EXHIBITS 1 - 2** |
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PUKALANI GOLF CLUB, LLC, a Hawaiʻi limited liability company, et al.,<br><br>　　　　Defendants,<br><br>　and<br><br>FRANKLIN K. MUKAI, | CIVIL NO. CV 04-00125<br>　　　　ACK/BMK |

```
            Third-Party          )
            Plaintiff,           )
                                 )
      vs.                        )
                                 )
SPORTS SHINKO CO., LTD.,         )
a Japan corporation, et al.,     )
                                 )
            Third-Party          )
            Defendants.          )
_____  )
                                 )
SPORTS SHINKO (USA) CO., LTD, a  )   CIVIL NO. CV 04-00126
Delaware corporation,            )            ACK/BMK
                                 )
            Plaintiff,           )
                                 )
      vs.                        )
                                 )
KIAHUNA GOLF CLUB, LLC,          )
a Hawaiʻi limited liability      )
company, et al.,                 )
                                 )
            Defendants,          )
                                 )
      and                        )
                                 )
FRANKLIN K. MUKAI,               )
                                 )
            Third-Party          )
            Plaintiff,           )
                                 )
      vs.                        )
                                 )
SPORTS SHINKO CO., LTD.,         )
a Japan corporation, et al.,     )
                                 )
            Third-Party          )
            Defendants.          )
_____  )
                                 )
SPORTS SHINKO CO., LTD., a       )   CIVIL NO. CV 04-00127
Japanese corporation,            )            ACK/BMK
                                 )
            Plaintiff,           )
                                 )
      vs.                        )
                                 )
OR HOTEL, LLC, a Hawaiʻi         )
limited liability company,       )
```

```
et al.,                            )
                                   )
          Defendants,              )
                                   )
     and                           )
                                   )
FRANKLIN K. MUKAI,                 )
                                   )
          Third-Party              )
          Plaintiff,               )
                                   )
     vs.                           )
                                   )
SPORTS SHINKO (USA) CO., LTD.,     )
a Delaware corporation, et al.,    )
                                   )
          Third-Party              )
          Defendants.              )
_____ )
                                   )
SPORTS SHINKO (USA) CO., LTD.,     )     CIVIL NO. CV 04-00128
a Delaware corporation,            )            ACK/BMK
                                   )
          Plaintiff,               )
                                   )
     vs.                           )
                                   )
MILILANI GOLF CLUB, LLC,           )
a Hawai`i limited liability        )
company, et al.,                   )
                                   )
          Defendants,              )
                                   )
     and                           )
                                   )
FRANKLIN K. MUKAI,                 )
                                   )
          Third-Party              )
          Plaintiff,               )
                                   )
     vs.                           )
                                   )
SPORTS SHINKO CO., LTD.,           )
a Japan corporation, et al.,       )
                                   )
          Third-Party              )
          Defendants.              )
_____ )
```

## DECLARATION OF TSUGIO FUKUDA

I, TSUGIO FUKUDA, being duly sworn on oath, declare as follows:

1.    I make this Declaration based on personal knowledge and I am competent to testify to the matters set forth in this Declaration.

2.    I am a former officer and director of various Sports Shinko companies.  Specifically, until February, 2002, and for many years prior, I was an officer and director as follows:

| Name of Entity: | Title: |
|---|---|
| Sports Shinko Co., Ltd., a Japan corporation ("**SS-Japan**") | Director |
| Sports Shinko (USA) Co., Ltd., a Delaware corporation ("**SS USA**") | Director |
| Sports Shinko Resort Hotel Corporation, a Hawaii corporation ("**SSRHC**") | Secretary / Treasurer / Director |
| Sports Shinko (Hawaii) Co., Ltd., a Hawaii corporation ("**SSH**") | Secretary / Treasurer / Director |
| Sports Shinko (Kauai) Co., Ltd., a Hawaii corporation ("**SSK**") | Secretary / Treasurer |
| Sports Shinko (Mililani) Co., Ltd., a Hawaii corporation ("**SSM**") | Secretary / Treasurer |
| Sports Shinko (Pukalani) Co., Ltd., a Hawaii corporation ("**SSP**") | Secretary / Treasurer / Director |
| Sports Shinko (Waikiki) Corporation, a Hawaii corporation ("**SSW**") | Secretary / Treasurer / Director |
| Ocean Resort Hotel Corporation, a Hawaii corporation ("**ORHC**") | Secretary / Treasurer / Director |
| Pukalani STP Co., Ltd., a Hawaii corporation ("**STP**") | Secretary / Treasurer / Director |
| Sure Transportation, Inc., a Hawaii corporation | Secretary / Treasurer |

3.    I graduated from Gakushuuin University in Tokyo, Japan in 1957.  I speak and read English and Japanese fluently.

4.    Prior to joining Sports Shinko ("SS"), I worked for approximately 31 years on accounting and financial issues for Nissho Iwai, a major Japan trading company, including 16 years abroad in New York and Australia.

5.    The SS group hired me around May, 1988, because of my background in dealing with real property issues, U.S. attorneys and legal issues, and my extensive accounting and financial experience from my work for and experience at Nissho Iwai.

6.    At SS, in late 1988, I became the General Manager of SS-Japan's International Business Department (*Kokusai Jigyoubu*) (hereinafter, the "IBD").  The IBD supervised and handled all aspects of SS's operations and properties overseas.

7.    As part of my work with the IBD, I handled acquisition projects and sales of the SS assets/resort properties from time to time.

8.    Part of my work for the IBD was to prepare and issue *ringisho*, a type of inter-office approval document that was circulated to the members of the Board of Directors of SS-Japan. Typically, the *ringisho* would describe a proposed transaction or action to be taken by the company, provide supporting documents and information, and provide reasons for the requested action.

9.   Customarily, in accordance with Toshio Kinoshita's instruction and direction, the IBD was to prepare and issue *ringisho* for all sales of Sports Shinko's overseas assets.  *See* Exs. "1" - "2", which are *ringisho* I prepared for sales of SSM properties.  All major transactions for Sports Shinko, including the purchase and sale of Sports Shinko assets, required *ringisho* and the approval of Toshio Kinoshita.

10.   Despite my obligations as General Manager of the IBD, I was never informed of the details of the decision to sell the Hawai`i properties to KG, or the details of the purchase and sale agreements with KG, or with the negotiations with KG.  I was not invited to meet with the KG representatives from Hawai`i, and President Toshio Kinoshita and Vice President Satoshi Kinoshita handled most of that transaction alone, without consulting me or others.

11.   I was never asked to prepare or issue *ringisho* to obtain approvals to be circulated to the members of the board of directors in connection with the sale of Sports Shinko's Hawaii properties to KG.

12.   I signed the corporate resolutions approving the sale of Sports Shinko's Hawaii assets because I thought that Frank Mukai and the McCorriston law firm, together with Toshio Kinoshita and Satoshi Kinoshita, had provided Sports Shinko with the same protections as in the sale of the Diamond Head Beach Hotel (the "DHBH") in March, 2001, which I handled with them.

The sale of the DHBH involved advances to the buyer, as did the sale to KG, but we obtained a mortgage for Sports Shinko to secure the promissory notes that the buyer of the DHBH gave to Sports Shinko, even though the advance to the buyer was far less than the $9 million advanced to KG.  Further, DHBH had been marketed for a substantial amount of time and we believed it was being sold at fair market value, so that the creditors of SS-Japan could be repaid when the subsidiaries made repayments on their intercompany loans.  Mr. Eric Kawatani of the McCorriston law firm asked me to sign the corporate resolutions approving the sale to KG and told me that the purchase and sale agreement with KG had been signed by Satoshi Kinoshita, who had signed without my reviewing the agreement.  I learned of the structure of the transaction after the fact.  I would not have approved the sale had I known of the structure of the transaction, especially since Sports Shinko received no mortgage to secure its loans to the KG Defendants, and the sales prices were substantially below the higher cash offers we had received on the SS Hawaii subsidiaries' properties.

     *I declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.*

     EXECUTED ON:  Tokyo, Japan, May 22, 2006.


                          /s/ Tsugio Fukuda
                         TSUGIO FUKUDA