IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD.,<br>        Plaintiff,<br>vs.<br>QK HOTEL, LLC, et al.,<br>        Defendants,<br>and<br>FRANKLIN K. MUKAI,<br>        Third-Party Plaintiff,<br>vs.<br>SPORTS SHINKO (USA) CO., LTD., et al.,<br>        Third-Party Defendants,<br>and<br>SPORTS SHINKO (HAWAII) CO., LTD., et al.,<br>        Third-Party Defendants/<br>        Counterclaimants,<br>vs.<br>QK HOTEL, LLC, et al.,<br>        Third-Party Counterclaim Defendants.<br>AND CONSOLIDATED CASES | CV 04-00124 ACK-BMK<br>CV 04-00125 ACK-BMK<br>CV 04-00126 ACK-BMK<br>CV 04-00127 ACK-BMK<br>CV 04-00128 ACK-BMK<br><br>CONSOLIDATED CASES<br><br>MEMORANDUM OF LAW |

## MEMORANDUM OF LAW

**I.   INTRODUCTION**

On February 11, 2003, based on a statement made under penalty of perjury

stating that Sports Shinko (USA) Co., Ltd.'s ("SS-USA") principal place of

business is in Hawaii, the United States Bankruptcy Court for the District of Hawaii found that venue was proper for Sports Shinko to bring an ancillary bankruptcy proceeding in this federal district.

For many months before and after the Bankruptcy Court's February 11, 2003 order, Thomas E. Hayes of Aiea, Hawaii acted as administrator for Sports Shinko entities in Hawaii and elsewhere in the United States, and conducted their business operations. Mr. Hayes continued to conduct the business activities of the Sports Shinko companies in the United States through early 2005.

These cases were filed on February 20, 2004. This was during the time Mr. Hayes conducted the business affairs of the Sports Shinko companies in the United States from Hawaii.

Notwithstanding this, SS-USA alleged in this case that, contrary to its sworn statement to the Bankruptcy Court a year earlier, its principal place of business was in West Virginia – not Hawaii – when the complaints were filed. Based on this assertion, diversity jurisdiction was claimed for the three SS-USA cases.[1]

As demonstrated below, however, on February 20, 2004, Sports Shinko's principal place of business was clearly not in West Virginia – or in California as

---

[1] "SS-USA cases" refers to the three cases filed by SS-USA, a Delaware corporation: D. Hawaii CV. Nos. 04-00125 ACK-BMK, 04-00126 ACK-BMK and 04-00128 ACK-BMK. Two other cases consolidated with the SS-USA cases, D. Hawaii CV Nos. 04-00124 ACK-BMK and 04-00127 ACK-BMK, were filed by SS-USA's parent, Sports Shinko Co., Ltd., a Japanese corporation.

2

SS-USA had alleged in another case in the interim – but rather remained in Hawaii where Mr. Hayes continued to conduct the business of the Sports Shinko companies in the United States.

SS-USA cannot sustain its burden to prove that it had changed its principal place of business from Hawaii when it filed this case. It was therefore a citizen of Hawaii at that time, and it is undisputed that the defendants are all Hawaii citizens. Therefore, there can be no diversity jurisdiction over these parties and the Court lacks subject matter jurisdiction.[2]

Accordingly, KG respectfully requests that this Court dismiss these cases.

## II.   HAWAII WAS SS-USA'S PRINCIPAL PLACE OF BUSINESS ON FEBRUARY 11, 2003

In a declaration dated November 20, 2002, the then-President of SS-USA and court-appointed deputy trustee of SS-USA's parent company, SS-Japan, stated under penalty of perjury to the United States Bankruptcy Court for the District of Hawaii, that SS-USA is "a company with its principal place of business and principal assets located in the [District of Hawaii]."[3]

---

[2]   The complaints in the SS-USA cases allege diversity jurisdiction as the only basis for subject matter jurisdiction.

[3]   See Declaration of Keijiro Kimura In Support of Petition to Commence Case Ancillary to Foreign Proceeding Under 11 U.S.C. § 304, attached as Exhibit 1 at ¶¶ 1, 5, 6, 8.

The declaration was filed with a Petition to Commence Case Ancillary to Foreign Proceeding Under 11 U.S.C. § 304, attached as Exhibit 2, filed on behalf of

This was not a casual averment.  These are essential facts, proof of which were necessary to establish venue in the District of Hawaii for an "ancillary proceeding" to a Japan bankruptcy proceeding filed pursuant to 11 U.S.C. § 304.[4]  Indeed, at the time the petition was filed and based upon the relief sought in the petition, the venue statute, 28 U.S.C. § 1410(c), <u>required</u> that Hawaii be the petitioner's principal place of business in the United States, or where its principal U.S. assets are located, in order to establish venue for the ancillary proceeding in Hawaii.[5]  SS-Japan met and exceeded both venue criteria by stating that Hawaii

---

"Sports Shinko Kabushiki Kaisha", which is the Japanese transliterated name of SS-USA's parent company, Sports Shinko Co., Ltd. ("SS-Japan").

[4]   This statute was repealed and replaced by 11 U.S.C. §§ 1501 <u>et</u> <u>seq</u>. effective October 17, 2005.

[5]   At the time of the ancillary proceeding, 28 U.S.C. § 1410 provided:

<u>§ 1410. Venue of cases ancillary to foreign proceedings</u>

(a) A case under section <u>304</u> of title <u>11</u> to enjoin the commencement or continuation of an action or proceeding in a State or Federal court, or the enforcement of a judgment, may be commenced only in the district court for the district where the State or Federal court sits in which is pending the action or proceeding against which the injunction is sought.

(b) A case under section <u>304</u> of title <u>11</u> to enjoin the enforcement of a lien against a property, or to require the turnover of property of an estate, may be commenced only in the district court for the district in which such property is found.

(c) A case under section <u>304</u> of title <u>11</u>, other than a case specified in subsection (a) or (b) of this section, **<u>may be commenced only in the district court for the district in which is located the principal place of business in the United States, or the principal assets in the United States</u>**, of the estate that is the subject of such case.

4

was the principal place of business and place where the principal assets of its subsidiary, SS-USA, were located. Venue could have been established if SS-Japan stated that Hawaii was the site of SS-USA's principal assets *in the United States*, <u>or</u> if Hawaii was SS-USA's principal place of business *in the United States*, but SS-USA's President's declaration went much further than that.[6]

The Petition to Commence Case Ancillary to Foreign Proceeding, No. AN 02-04131 in the Bankruptcy Court for the District of Hawaii, was filed by SS-Japan on November 25, 2002. The Petition[7] was filed by Alston Hunt Floyd & Ing, which continues to act as SS-USA's and SS-Japan's counsel.

On February 11, 2003, the United States Bankruptcy Court for the District of Hawaii, having necessarily accepted SS-USA's sworn testimony stating facts to

---

Emphasis added. The Petition was filed to gain "access to information and the power to subpoena evidence from third parties in Hawaii and elsewhere in the U.S. in order to aid the administration of and maximize the bankruptcy estate in Japan." Exhibit 2 at ¶ 14.

SS-Japan could therefore only establish venue in Hawaii if its principal place of business in the United States, or its principal assets in the United States, were in Hawaii. It elected to meet – and exceed – this requirement by stating its subsidiary, SS-USA is "a company with its principal place of business and principal assets located in the [District of Hawaii]."

[6]   Exhibit 1 at ¶ 8 (SS-USA is "a company with its principal place of business and principal assets located in the [District of Hawaii].").

[7]   The petition's venue allegation is narrower than the supporting declaration, stating that venue is proper because SS-Japan's "principal assets *in the United States* are located within this District." <u>See</u> Exhibit 2, ¶ 3 (emphasis added).

show venue is proper in Hawaii, approved the Petition to Commence Case Ancillary to Foreign Proceeding.[8]

### III. HAWAII CONTINUED TO BE SS-USA'S PRINCIPAL PLACE OF BUSINESS AFTER FEBRUARY 11, 2003

The following facts cannot be disputed:

- <u>January 15, 2002</u>   Purchase and Sale Agreement between SS Hawaii entities and KG is signed.  The PSA was to transfer all the SS entities' Hawaii assets to KG.

- <u>January 25, 2002</u>   Most aspects of the sale of SS's Hawaii assets to KG close.

- <u>January 28, 2002</u>   Involuntary bankruptcy proceedings are initiated against SS-Japan in Japan.  Exhibit 2, ¶ 4.

- <u>February 4, 2002</u>   Court in Osaka appoints interim trustee.  Toshio Kinoshita, formerly the President of all the SS entities and controlling shareholder, is divested of control of the SS companies.

- **July or August 2002**   Thomas Hayes of 99-994 Iwaena Street, Suite C, Aiea, Hawaii  96701, takes on role as administrator for the SS entities in the United States.[9]  Exhibit 4 at pp. 11 and 12 and Exhibit 5.

- <u>November 25, 2002</u>   SS-USA's parent, SS-Japan, files its Petition to Commence Case Ancillary to Foreign Proceeding in the Bankruptcy Court for the District of Hawaii, supported by a declaration that SS-USA's principal place of business is in Hawaii.  Exhibits 1 and 2.

---

[8]   The Bankruptcy Court's February 11, 2003 Order is attached as Exhibit 3.

[9]   Katron Corporation, through Lucinda Brown of Harper's Ferry, West Virginia, was an independent contractor for SS and involved in the winding down of SS's former Florida and California subsidiaries.  Ostensibly, it is Ms. Brown's place of residence that formed the basis for SS-USA's spurious allegations that West Virginia was SS-USA's principal place of business on February 20, 2004.

6

- **February 11, 2003**  United States Bankruptcy Court for the District of Hawaii enters its Order Granting Petition to Commence Case Ancillary to Foreign Proceeding.  Exhibit 3.

  - August 2003  The IRS directs correspondence to SS-Japan to Mr. Hayes' Aiea office.  See Exhibits 6 and 7 (filed under seal.)
    March 2004

- **February 11, 2004**  SS-Japan's trustee's agent, Steven Iwamura, states that Mr. Hayes "holds the records [and] cuts checks."  The tax accountants and auditors of SS-USA and subsidiaries are directed to work directly with Mr. Hayes.  Exhibit 8 at GT033264 (filed under seal).

- **February 20, 2004**  The SS-USA cases are filed in this Court.  Exhibits 9A, 9B and 9C.

- September 2004  SS-USA (and subsidiaries') California Corporation Tax Return is filed with the California tax authorities, using Mr. Hayes' Aiea address for SS-USA.  Exhibit 10 (filed under seal).

- September 2004  SS-USA's federal tax return is filed, again using Mr. Hayes' Aiea address for SS-USA.  Exhibit 11 (filed under seal).

- December 2, 2004  A tax refund for SS-USA from the State of California is sent to Mr. Hayes' Aiea address.  Exhibit 12 (filed under seal).

As noted above, Mr. Hayes' tenure began in July or August 2002 (Exhibits 4 at 11-12 and Exhibit 5), several months before SS-USA's November 2002 sworn representation to the Bankruptcy Court that Hawaii was its principal place of business (discussed below).  Mr. Hayes continued to run the operations of SS-USA from Hawaii until early 2005.  Exhibit 4 at 6-7.

### IV. SS-USA HAS THE BURDEN TO PROVE ITS PRINCIPAL PLACE OF BUSINESS WAS *NOT* HAWAII WHEN THESE CASES WERE FILED

Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction to hear disputes between citizens of different states involving controversies in excess of $75,000. Diversity is determined as of the date the complaint is filed.[10]

Corporate litigants are deemed to be citizens of both their state of incorporation and principal place of business.[11] It is undisputed that SS-USA is a Delaware corporation and that all the defendants in these cases are citizens of Hawaii.

Accordingly, in order for this Court to have diversity jurisdiction, SS-USA must prove, by a preponderance of the evidence, that its principal place of business was not in Hawaii as of the date the complaints were filed, February 20, 2004.[12]

### V. SS-USA'S INCONSISTENT ALLEGATIONS REGARDING ITS PRINCIPAL PLACE OF BUSINESS

Just two months after the Bankruptcy Court's February 11, 2003 order relying upon SS-USA's sworn statement that **Hawaii** was SS-USA's principal place of business, on April 18, 2003, SS-USA filed a complaint in a California

---

[10] Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 571 (2004).

[11] 28 U.S.C. § 1332(c)(1).

[12] See Deja Vu Showgirls of Las Vegas, L.L.C. v. Nev. Dep't of Taxation, 2006 U.S. Dist. LEXIS 52505 (D. Nev. 2006) (citing Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)).

8

lawsuit, alleging that its principal place of business was in **California**.[13]  This was alleged again in an amended complaint in the California suit filed February 6, 2004.[14]

Two weeks after the California amended complaint was filed, however, SS-USA filed the present complaints on February 20, 2004, now claiming its principal place of business was **West Virginia**.[15]  This was alleged again in the first amended complaints filed on June 14, 2004.[16]

Seventeen months later, however, SS-USA claimed that – actually – it had not changed its principal place of business from Hawaii to California to West Virginia, but rather from Hawaii to California to **Japan**.[17]  This, according to SS-USA, was where its principal place of business really was when it filed these cases.

---

[13]  See Exhibit 13 at 1.

[14]  See Exhibit 14 at 1.

[15]  See Exhibits 9A and 9C at ¶ 1; but see Exhibit 9B at ¶ 1 (stating Virginia is SS-USA's principal place of business.)  There is no known relationship between SS-USA and the Commonwealth of Virginia.  Compare n. 9, *supra*.

[16]  See Exhibits 15A and 15C at ¶ 1; but see Exhibit 15B at ¶ 1 (stating Virginia is SS-USA's principal place of business.)

[17]  See Exhibit 16 at 14.

9

**VI.  SS-USA CANNOT SHOW "SUFFICIENT EVIDENCE" THAT ITS PRINCIPAL PLACE OF BUSINESS CHANGED FROM HAWAII**

SS-USA has the burden to prove jurisdiction.  Its proof must be evaluated in light of 1) a presumption <u>against</u> federal jurisdiction,[18] and 2) the presumption <u>favoring</u> an established domicile as against a newly acquired one.[19]

Notwithstanding SS-USA's various allegations regarding its principal place of business, the undisputed facts are that its principal place of business at the time the instant cases were filed was Hawaii, and it cannot sustain its burden to prove it had changed from Hawaii to West Virginia or – as SS-USA concluded upon further reflection – to Japan, with a stop along the way in California.

Indeed, there are two tests used to determine where a corporation's principal place of business is: the "place of operations" test and the "nerve center" test.  Under controlling appellate authority of the Ninth Circuit, only the "place of operations" test can be used here:

> <u>The 'nerve center' test should only be used when no state contains a substantial predominance of the corporation's business activities.</u>  The Ninth Circuit applies the place of operations test unless the plaintiff

---

[18]  Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, 13 Federal Practice and Procedure § 3522 (2d ed. 1984) (since federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction.)

[19]  <u>McCann v. George W. Newman Irrevocable Trust</u>, 458 F.3d 281, 287 (3d Cir. 2006); <u>Lew v. Moss</u>, 797 F.2d 747, 751 (9th Cir. 1986).

10

shows that its activities do not substantially predominate in any one state.[20]

As noted above, there is no question that the business activities of SS-USA clearly predominated in Hawaii before and after the instant cases were filed, and in fact, SS-USA had effectively ceased doing business in every other U.S. state when these cases were filed.

Moreover, the case law shows that SS-USA cannot surmount its prior judicial admission to the Bankruptcy Court that Hawaii is its principal place of business. Like SS-USA, the plaintiff in Tosco had made representations in prior litigation about its principal place of business, and those representations came back to haunt it. In earlier litigation in 1995, Tosco had claimed that California was its principal place of business. In the litigation several years later, it sought to show its principal place of business changed to Connecticut as part of a corporate restructuring, and therefore there was diversity in the case. The Court was not persuaded:

> Although this Court recognizes a corporation's principal place of business can change due to such restructuring, Plaintiff's structural

---

[20] Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2000) (emphasis in original) (citing Industrial Tectonics Inc. v. Aero Alloy, 912 F.2d, 1090, 1094 (9th Cir. 1990); see also Tosco at 497 ("[w]e apply the 'place of operations' test when a corporation conducts a substantial predominance of its business activities within a state.")

11

changes did not alter the aforementioned substantial presence … in California.[21]

District Judge Alsup encountered a similar issue in Gradetech, Inc. v. Am. Employers Group, 2006 U.S. Dist. LEXIS 47047 (N.D. Cal. 2006).  There, the defendant removed the lawsuit to the Northern District of California and asserted its principal place of business was in Nebraska.  In a prior action, the defendant had secured diversity jurisdiction in an action in the District of Nebraska by asserting that its principal place of business was in California.  The Gradetech court noted:

> The strongest evidence for holding that California is [plaintiff's] principal place of business comes from a judicial admission in an unrelated lawsuit.
>
> * * *
>
> [Defendant] contends that the purported admission is out-dated.  It is true, for purposes of diversity jurisdiction, that a court must analyze citizenship as of the date the complaint was filed…  But [defendant] has not offered ***sufficient evidence*** to demonstrate that its citizenship has changed since their admission [in the earlier litigation.]

Gradetech, 2006 U.S. Dist. LEXIS at *9 (emphasis added).

## VII.   CONCLUSION

Based upon SS-USA's sworn representations to the Bankruptcy Court for this district, SS-USA must concede that its principal place of business was in

---

[21]   Tosco, 236 F.3d at 502.

Hawaii in February of 2003.  As shown, this is consistent with the facts that existed before February of 2003.

Moreover, the undisputed facts confirm that after February of 2003, Hawaii continued to be SS-USA's principal place of business.  And, SS-USA cannot meet its burden to prove that its principal place of business was changed from Hawaii to West Virginia – or Japan – with a stop in California in between – before these cases were filed.

Accordingly, the SS-USA cases should be dismissed for lack of subject matter jurisdiction.

DATED:  Honolulu, Hawaii, November 16, 2006.

/s/  Robert A. Marks
WARREN PRICE III
ROBERT A. MARKS

Attorneys for Defendants
KG Holdings, LLC, QK Hotel, LLC, OR Hotel, LLC, Pukalani Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, Kiahuna Golf Club, LLC and KG Kauai Development, LLC