Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
GLENN T. MELCHINGER 7135-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai'i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email: gtm@ahfi.com

Attorneys for Plaintiffs
SPORTS SHINKO CO., LTD., and
SPORTS SHINKO (USA) CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SPORTS SHINKO CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>QK HOTEL, LLC, a Hawai'i limited liability company, et al.,<br><br>Defendants. | CIVIL NO. CV 04-00124 ACK/BMK |
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation,<br><br>Plaintiff, | **PLAINTIFF SPORTS SHINKO (USA) CO., LTD.'S RESPONSE TO DEFENDANT KG HOLDINGS, LLC'S REQUEST FOR ANSWERS TO INTERROGATORIES, REQUEST FOR ADMISSIONS, REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SPORTS SHINKO (USA) CO., LTD.**<br><br>**Consolidated Cases** |



EXHIBIT 16

| | |
|---|---|
| vs. | CIVIL NO. CV 04-00125 ACK/BMK |
| PUKALANI GOLF CLUB, LLC, a Hawai'i limited liability company; and KG MAUI DEVELOPMENT, LLC, a Hawai'i limited liability company, et al., | |
| Defendants. | |
| SPORTS SHINKO (USA) CO., LTD, a Delaware corporation, | CIVIL NO. CV 04-00126 ACK/BMK |
| Plaintiff, | |
| vs. | |
| KIAHUNA GOLF CLUB, LLC, a Hawai'i limited liability company; KG KAUAI DEVELOPMENT, LLC, a Hawai'i limited liability company; PUKALANI GOLF CLUB, LLC, a Hawai'i limited liability company; KG MAUI DEVELOPMENT, LLC, a Hawai'i limited liability company; MILILANI GOLF CLUB, LLC, a Hawai'i limited liability company; QK HOTEL, LLC, a Hawai'i limited liability company; OR HOTEL, LLC, a Hawai'i limited liability company, and KG HOLDINGS, LLC, a Hawai'i limited liability company, et al., | |
| Defendants. | |

| | |
|---|---|
| SPORTS SHINKO CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>OR HOTEL, LLC, a Hawai'i limited liability company, et al.,<br><br>Defendants. | CIVIL NO. CV 04-00127 ACK/BMK |
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MILILANI GOLF CLUB, LLC, a Hawai'i limited liability company, et al.,<br><br>Defendants. | CIVIL NO. CV 04-00128 ACK/BMK |

**PLAINTIFF SPORTS SHINKO (USA) CO., LTD.'S RESPONSE TO DEFENDANT KG HOLDINGS, LLC'S REQUEST FOR ANSWERS TO INTERROGATORIES, REQUEST FOR ADMISSIONS, REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SPORTS SHINKO (USA) CO., LTD.**

Plaintiff SPORTS SHINKO (USA) CO., LTD. ("Plaintiff") by and through its attorneys, Alston Hunt Floyd & Ing, hereby responds to Defendant KG Holdings, LLC's

Request for Answers to Interrogatories, Request for Admissions and Request for Production of Documents to Plaintiff Sports Shinko (USA) Co., Ltd. ("Discovery Requests") pursuant to Rules 33, 36 and 34 of the Federal Rules of Civil Procedure:

1. This response to the Discovery Requests is made to the best of Plaintiff's present knowledge, information and belief. This response is subject at all times to such additional or different information that discovery or further investigation may disclose and, while based on the present state of information available to Plaintiff is subject to such refreshing of recollection and such additional knowledge of facts as may result from further discovery or investigation. Plaintiff reserves the right to make any use of, or to introduce at any hearing or trial, any and all documents responsive to the Discovery Requests, but discovered subsequent to the date of Plaintiff's initial production of documents including, but not limited to, any documents obtained in discovery in this or any related action.

2. Plaintiff responds to each of the Discovery Requests as to documents currently in its possession. By stating in this response that it will produce documents, Plaintiff does not represent that any document actually exists, but rather that it will make a good faith search and attempt to ascertain whether documents responsive to the particular request do, in fact, exist.

3. Plaintiff reserves the right to determine whether the documents to be produced for inspection shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories of the Discovery Requests, all in accordance with Rule 34 of the Federal Rules of Civil Procedure.

4. Plaintiff reserves all objections or other questions as to the genuineness, foundation, competence, relevance, materiality, privilege, or admissibility of any document to be produced pursuant hereto, whether in this action or in any other action. Plaintiff further reserves the right to object on any ground at any time to such other, or

supplemental requests for production of documents, as may at any time be propounded to it involving or relating to the subject matter of the Discovery Requests.

5. Plaintiff will produce all documents to the extent described and not objected to in this response at such time or times and place or places as may be mutually agreed.

## GENERAL OBJECTIONS

1. Plaintiff objects to the Discovery Requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine and any other applicable privilege, and no such information will be provided. By responding to the Discovery Requests, Plaintiff does not waive, intentionally or otherwise, its attorney-client privilege, work product doctrine protection, or any other privilege or doctrine protecting its communications, transactions or records from disclosure, and therefore, provision of information inconsistent with the foregoing is wholly by mistake and not a waiver of any such privilege or protection.

2. Plaintiff objects to Defendant's definitions and instructions to the extent they attempt to impose obligations which exceed the requirements of the Federal Rules of Civil Procedure and other applicable laws.

3. The Responses to the Discovery Requests are made without in any way waiving, but rather, intending to preserve and preserving:

a. All objections of Plaintiff as to competency, relevancy, materiality and admissibility of the Responses to the Interrogatories or the subject matter thereof;

b. All rights of Plaintiff to object on any grounds to the use of any of said responses, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

c. All rights of Plaintiff to object on any grounds to any requests for further responses to these or any other Discovery Requests, or any other

discovery requests involving or related to the subject matter of these Discovery Requests.

4. Plaintiff objects to each of the Instructions, Definitions, Interrogatories and Admissions to the extent that any or all of them purport to request information outside the possession, custody or control of Plaintiff on the grounds that they are overly broad and unduly burdensome and seek information that is outside the possession, custody or control of Plaintiff.

5. Plaintiff objects to Defendant's Discovery Requests generally insofar as they seek to impose burdens or obligations upon it greater than Rule 34 of the Federal Rules of Civil Procedure. Plaintiff will comply with the requirements of Rule 34.

6. Plaintiff objects generally to the Discovery Requests in that the categories are so broad, vague and ambiguous as to call for the production of privileged documents, documents protected by the work-product doctrine, and/or documents that are neither relevant to the

issues of this action nor reasonably calculated to lead to the discovery of admissible evidence. If Plaintiff produces any information which is subject to a claim of privilege or attorney work-product, such production shall be deemed inadvertent and shall not constitute a waiver.

7. Plaintiff further objects to the Discovery Requests to the extent that they require Plaintiff to provide information which has already been produced and/or is not in its possession, custody or control.

8. Plaintiff further objects to the Discovery Requests as to the production and copying of the produced documents at the offices of Price, Okamoto, Himeno & Lum. All non-privileged and responsive documents will be produced for inspection and copying at the offices of ALSTON HUNT FLOYD & ING, Suite 1800, American Savings Bank Tower, 1001 Bishop Street, Honolulu, Hawai`i 96813 on a mutually agreeable date and time.

9. Plaintiff hereby incorporates these General Objections by reference into each and every demand set forth in the Requests.

Without waiving the foregoing objections, Plaintiff responds to each of the Discovery Requests as follows:

**INTERROGATORIES**

1. *Identify each and every Business Activity that SS-USA was engaged in the United States of America as of the Measuring date, and Identify the State(s) of the United States in which each Business Activity was being conducted as of the Measuring Date.*

**Objection**: Vague and ambiguous as to the defined term "Business Activity." Calls for legal conclusions. Improper foundation. Seeks information already in Defendants' possession. Improper interrogatory inasmuch as it requests irrelevant information not related to Plaintiff's actual principal place of business. Not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiffs respond as follows:

**ANSWER**:

Plaintiff had no Business Activities as of the Measuring Date.

2. *Identify each of the Indicia of PPB for SS-USA and for each of the Indicia of PPB, Identify the extent that it was occurring in each of the States of the United States in which SS-USA was engaged in Business Activity.*

*This interrogatory is to be answered with facts that existed as of the Measuring Date, and as set forth in the definition of "Indicia of PPB."*

**Objection**: Vague and ambiguous. Overbroad and unduly burdensome. Calls for legal conclusions. Lacks foundation. Seeks privileged information and attorney work product. Improper interrogatory inasmuch as it requests irrelevant information not related to Plaintiff's actual principal place of business. Not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, which are incorporated in each subpart below by this reference, Plaintiffs respond as follows:

**ANSWER**:

The numbers provided below correspond to the Defendants' definition of "Indicia of PPB." SS-USA's responses follow the specific "Indicia of PPB" shown in *italics*.

1. *location of employees*: SS-USA had no employees. The Trustee appointed by the the Osaka District Court of Japan controlled SS-USA, and Deputy Trustee Keijiro Kimura, who was not an "employee" of SS-USA, acted as its officer and director.

2. *location and Amount of Sales (stated in dollars per US State for the three month period ending 2/20/2004)*: None.

3. *location and amount of earned income (stated in dollars per US State for the three month period ending 2/20/2004)*: None.

4. *location and value of tangible property (aggregating the dollar value of tangible property in the US where it is found)*: SS-USA possessed stock certificates. After investigation, SS-USA responds that the location and value of these shares certificates as of the Measuring Date has not been confirmed. SS-USA will supplement this response when the location of the shares can be confirmed.

5. *location and value of legal claims for relief (aggregating the dollar value of legal claims for relief in the state in which litigation is brought)*: Any "legal claims for relief" were under the control of the Trustee in Japan, as SS-Japan owned and controlled the majority of the stock of SS-USA. Any "value" the Trustee may have given the claims on behalf of SS-USA is based on his or SS-USA's attorneys' assessment of the claims and is protected by the attorney client privilege and the attorney work product doctrine.

6. *location of production activities (identified by state)*: None

7. *location of purchasing department*: None

8. *location of bank accounts (identified by state)*: (a) UFJ Bank Limited, Japan, in the name of Keijiro Kimura; (b) Wells Fargo money market account in Harpers Ferry, West Virginia.

9. *location of administration staff (identified by state)*: Japan (the Trustee in Bankruptcy and Deputy Trustee [hereinafter collectively, the "Trustee"])

10. *location of corporate officers (identified by state)*: Japan (Deputy Trustee Keijiro Kimura)

11. *location of control over hiring/firing*: Japan (the Trustee)

12. *location of formulation of operating policies and procedures*: Japan (the Trustee)

13. *location where contract negotiations were handled*: Japan (the Trustee)

14. *location of executive offices*: Japan (the Trustee)

15. *location of administrative offices*: Japan (the Trustee)

16. *location where board of directors meetings were held (identified by US State for the meeting immediately before 2/20/2004 and the meeting immediately after)*: Meetings were not held. Corporate documentation was executed by Deputy Trustee Keijiro Kimura in Japan.

17. *location where income taxes were filed (in 2003 & 2004)*: The returns prepared by Grant Thornton in Honolulu and were apparently mailed to the IRS in Philadelphia, PA. The addresses shown for SS-USA were: (1) for the 2003 return, as shown on document GT 32788; and (2) for the 2004 return: 15-1, Shibuya 2-Chome, Shibuya-Ku, Tokyo, Japan, 150-0002.

3. *Identify the States of the United States in which, on the Measuring Date, SS-USA conducted Business Activities that were visible and impacted the public. For each such Business Activity, Identify the nature of the Business Activity and the State in which it was being conducted.*

**Objection**: Vague and ambiguous. Calls for legal conclusions. Misstates the law. Improper foundation. Improper interrogatory as it requests information about US operations not related to Plaintiff's actual principal place of business. Not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiffs respond as follows:

**ANSWER:**

*See* Response to Interrogatory No. 1, above.

4. *Identify which State of the United States was the Principal Place of Business of SS-USA as of the Measuring Date.*

**Objection**: Calls for legal conclusions. Misstates the law. Improper foundation. Improper interrogatory as it requests information about Plaintiff not related to Plaintiff's actual principal place of business. Not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiffs respond as follows:

**ANSWER:**

SS-USA's principal place of business was not in any U.S. state, but in Japan.

**REQUEST FOR ADMISSION**

1. *Admit that Hawaii was the Principal Place of Business of SS-USA as of February 20, 2004.*

**Objection:** Plaintiff incorporates its objections to the above Interrogatories as if fully restated herein.

_____ Admit                _X_ Deny

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. *Produce all Documents Relating To the Principal Place of Business of SS-USA as of February 20, 2004.*

**Objection**: Vague and ambiguous. Seeks privileged information, attorney work product, and sensitive, confidential

financial information, and information in Defendants' possession or knowledge. Unduly burdensome and overly broad. This request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiffs respond as follows:

**RESPONSE**:

Plaintiffs have disclosed and/or will produce non-privileged documents responsive to this request, if any exist, subject to their objections and the Stipulated Protective Order.

2. *Produce all Documents Relating To the transfer of loans payable to SS-USA from SS-USA to South Wind Realty Finance (Cayman) Company LLC.*

**Objection**: Vague and ambiguous. Lacks foundation. Seeks privileged information, attorney work product, and sensitive, confidential information. This request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiffs respond as follows:

**RESPONSE**:

No such documents exist.

3. *Produce all Documents Relating To the acquisition of the capital stock of SS-USA by South Wind Realty Finance (Cayman) Company LLC.*

**Objection**: Overly broad. Seeks privileged information, attorney work product, and sensitive, confidential information. This request is not reasonably calculated to lead to the discovery of admissible evidence and seeks information irrelevant to this litigation. Without waiving these objections, Plaintiffs respond as follows:

**RESPONSE**:

Plaintiffs have disclosed and/or will produce non-privileged documents responsive to this request, if any exist, subject to their objections and the Stipulated Protective Order.

4. *Produce all Documents Relating To the allegations in Count 3 of the Second Amended Complaints filed in D. Hawaii CV No. 04-125, 04-126 and CV 04-128.*[1]

**Objection**: Seeks privileged information, attorney work product, sensitive, confidential financial information, and information in the possession of Defendants and third parties. Overly broad. Not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing. Without waiving these objections, Plaintiffs respond as follows:

**RESPONSE**:

Plaintiffs have disclosed and/or will produce non-privileged documents responsive to this request, if any exist, subject to their objections and the Stipulated Protective Order.

5. *Produce all Documents Relating To the allegations in Count 5 of the Second Amended Complaints filed in D. Hawaii CV No. 04-125, 04-126 and CV 04-128.*[2]

---

[1] See ¶¶ 57-61 of the Second Amended Complaint filed in D. Hawaii CV No. 04-125; ¶¶ 57-62 of the Second Amended Complaint in D. Hawaii CV No. 04-128 and ¶¶ 73-78 of the Second Amended Complaint filed in D. Hawaii CV No. 04-126.

[2] See ¶¶ 66-74 of the Second Amended Complaint filed in D. Hawaii CV No. 04-125; ¶¶ 67-75 of the Second Amended Complaint in D. Hawaii CV No. 04-128 and ¶¶ 83-91 of the Second Amended

**Objection**: Seeks privileged information, attorney work product, sensitive, confidential financial information, and information in the possession of Defendants and third parties. Overly broad. Not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing. Without waiving these objections, Plaintiffs respond as follows:

**RESPONSE**:

Plaintiffs have disclosed and/or will produce non-privileged documents responsive to this request, if any exist, subject to their objections and the Stipulated Protective Order.

6. *Produce all Documents Relating To the claim for punitive damages in the Second Amended Complaints filed in D. Hawaii CV No. 04-125, 04-126 and CV 04-128.*[3]

**Objection**: Seeks privileged information, attorney work product, sensitive, confidential financial information, and information in the possession of Defendants and third parties. Overly broad. Not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing. Without waiving these objections, Plaintiffs respond as follows:

---

Complaint filed in D. Hawaii CV No. 04-126.

[3] *See* ¶¶ 97-99 of the Second Amended Complaint filed in D. Hawaii CV No. 04-125; ¶¶ 98-100 of the Second Amended Complaint in D. Hawaii CV No. 04-128 and ¶¶ 113-115 of the Second Amended Complaint filed in D. Hawaii CV No. 04-126.

**RESPONSE:**

Plaintiffs have disclosed and/or will produce non-privileged documents responsive to this request, if any exist, subject to their objections and the Stipulated Protective Order.

DATED: Honolulu, Hawai`i, November 14, 2005.

PAUL ALSTON
GLENN T. MELCHINGER
Attorneys for Plaintiffs

VERIFICATION

JAPAN )
) SS:
OSAKA )

YOSHIHIKO MACHIDA, being first duly sworn on oath, deposes and says:

That he is the President of SPORTS SHINKO (USA) CO., LTD. and that he is an agent of SPORTS SHINKO (USA) CO., LTD. for the purpose of answering the foregoing *requests for answers to interrogatories* and for making this verification, and the foregoing answers are true according to his knowledge, information, and belief.

SPORTS SHINKO (USA) CO., LTD.

By____________________
Its President