IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., <br>     Plaintiff, <br> vs. <br> QK HOTEL, LLC, et al., <br>     Defendants, <br> and <br> FRANKLIN K. MUKAI, <br>     Third-Party Plaintiff, <br> vs. <br> SPORTS SHINKO (USA) CO., LTD., et al., <br>     Third-Party Defendants, <br> and <br> SPORTS SHINKO (HAWAII) CO., LTD., et al., <br>     Third-Party Defendants/ <br>     Counterclaimants, <br> vs. <br> QK HOTEL, LLC, et al., <br>     Third-Party Counterclaim Defendants. <br> AND CONSOLIDATED CASES | CV 04-00124 ACK-BMK <br> CV 04-00125 ACK-BMK <br> CV 04-00126 ACK-BMK <br> CV 04-00127 ACK-BMK <br> CV 04-00128 ACK-BMK <br><br> CONSOLIDATED CASES <br><br> DECLARATION OF ROBERT A. MARKS |

DECLARATION OF ROBERT A. MARKS

Pursuant to 28 U.S.C. § 1746, ROBERT A. MARKS states as follows:

1.    I am an attorney licensed to practice law before this court.

2. I am counsel for the following defendants in the captioned consolidated actions: Kiahuna Golf Club, LLC, KG Kauai Development, LLC, Pukalani Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, QK Hotel, LLC, OR Hotel, LLC, and KG Holdings, LLC (collectively, "KG Parties").

3. On January 25, 2005, a Stipulated Protective Order ("SPO") signed by counsel for the KG Parties and counsel for plaintiffs, Sports Shinko Co., Ltd. and Sports Shinko (USA) Co., Ltd. ("Sports Shinko") was approved by the Court and filed. Franklin Mukai was added as a plaintiff after the SPO was filed and has declined to sign the SPO as it is written. A true and correct copy of the SPO is attached as Exhibit 1 hereto.

4. On November 16, 2006, on behalf of the KG Parties, I filed a motion to dismiss certain of the consolidated cases for lack of subject matter jurisdiction. Certain exhibits to the motion were produced by plaintiffs in discovery and were designated as "confidential" under the SPO. Because of the plaintiffs' confidentiality designation, I was unable to file those exhibits in the public record. Therefore, on November 16, 2006, I filed an *ex parte* motion seeking leave of Court to file those exhibits under seal. A true and correct copy of that *ex parte* motion is attached as Exhibit 2 hereto.

5. On November 17, 2006, Judge Kay filed the "Order Regarding Ex Parte Motion to Seal Documents", a true and correct copy of which is attached as Exhibit 3. In Exhibit 3, Judge Kay denied the *ex parte* motion because it did "not appear to meet (or even recognize) the standards set forth by the Ninth Circuit Court of Appeals in Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006)."

6. Eventually, the exhibits to the KG Parties' motion to dismiss were filed in a redacted form, but only after the KG Parties were made to file a motion for order to show cause (filed December 20, 2006), Magistrate Judge Kurren convened a status conference (on December 22, 2006), and a stipulation was filed by the parties and approved by the court allowing the exhibits to be filed with redactions (stipulation and order filed January 5, 2007). SS required the KG Parties to go through multiple drafts of redactions before eventually consenting the redacted exhibits.

7. On December 28, 2006, counsel for Mukai forwarded to counsel for the Sports Shinko Parties a proposed Amended SPO, a true and correct copy of which is attached as Exhibit 4. The Amended SPO a) is acceptable to Mukai (unlike the current version of the SPO) as well as the KG Parties, and b) shifts the burden of proving confidentiality on the party designating a document as confidential. This is appropriate, since only the party designating the document as

confidential can make the showing required by <u>Kamakana</u> that the document should be filed under seal.

8. Counsel for the SS Parties has refused to stipulate to the proposed Amended SPO, or to offer proposed changes to the proposed Amended SPO, even after being reminded to do so.

9. Amendments to the SPO are necessary because the Sports Shinko Parties have designated vast numbers of documents as "confidential" under the SPO, and in so doing, as a result of <u>Kamakana</u>, have hamstrung the litigation with unnecessary burdens on the KG Parties' use of documents produced by Sports Shinko in discovery.

10. If the Sports Shinko Parties are unwilling to stipulate to modify the SPO to resolve the foregoing problem, the KG Parties ask the court to exercise its inherent powers and the powers granted under the Federal Rules of Civil Procedure to modify the SPO to provide that the party asserting confidentiality has a short period of time in which to make the required showing of confidentiality, and failing that, the confidential designation is deemed waived.

DATED: Honolulu, Hawaii, January 16, 2007.

/s/ Robert A. Marks
ROBERT A. MARKS