## Robert Marks

| | |
|---|---|
| **From:** | John Burke [JBurke@bmbe-law.com] |
| **Sent:** | Thursday, December 28, 2006 12:29 PM |
| **To:** | GMelchinger@ahfi.com; Robert Marks |
| **Cc:** | Bill Bordner; Cathy Higa; Sheri Chong; Terri Urcia |
| **Subject:** | Amended Stipulated Protective Order |
| **Attachments:** | Amended Stipulated Protective Order 2006-12-28.pdf |



Amended Stipulated
  Protective ...

Glenn-

Attached is our proposed amended stipulated protective order for the Sports Shinko consolidated cases. Robert Marks has reviewed the document and is agreeable to the proposed terms. We understand that Judge Kurren is also of a mind to revisit the terms of the current protective order given intervening caselaw and the present dispute over sealing exhibits.

We look forward to your comments, and will likely propose this amendment--hopefully together with the KG Defendants--to Judge Kurren shortly.

John Reyes-Burke

The information contained in this e-mail is confidential and may be covered by the attorney-client privilege. The information is intended only for use by the individual to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient, please notify the sender by return e-mail or call (808) 523-9833, and delete this e-mail, any attachments and all copies.

# EXHIBIT 4

## AMENDED STIPULATED PROTECTIVE ORDER

This Amended Stipulated Protective Order is entered into by counsel on behalf of all Parties to the above-captioned consolidated matters, pursuant to Fed.R.Civ.P. 26(c), in order to protect information which the Parties deem confidential, to expedite the flow of discovery materials, to promote the prompt resolution of disputes over confidentiality, and to facilitate the preservation of confidentiality of information deemed worthy of protection pursuant to applicable law.

WHEREAS the Parties have served or may serve discovery calling for the disclosure of information which another Party or Parties may consider confidential and sensitive; and

WHEREAS since the entry of the Stipulated Protective Order Regarding The Protection Of Confidential Information filed on January 25, 2005 ("SPO"), the Court of Appeals for the Ninth Circuit has issued the decision in Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006) which provides for standards for confidentiality including the use of purportedly confidential materials in connection with substantive motions, which standards are inconsistent with the SPO;

NOW IT IS THEREFORE STIPULATED AND AGREED BETWEEN THE PARTIES, who hereby also jointly apply and request that the Court order, as follows:

1. <u>Definitions</u>.

    1.1 "Confidential Document" means any document, material or thing which contains Confidential Information which any Producing Party designates as "Confidential" at any time and in any manner set forth in any part of the SPO or this Amended Stipulated Protective Order. No Party waives the right to challenge any other Party's or any Producing Party's designation of any document, material or thing as "Confidential."

    1.2 "Confidential Information" means

        (a) non-public financial information, including without limitation, financial statements and other documents pertaining to the financial condition of any person or entity, or any of their or its affiliates or related entities;

        (b) trade secrets within the meaning of Haw.Rev.Stat. Chapter 482B, the Uniform Trade Secrets Act;

        (c) other non-public business information, including without limitation, fees or billing information, pricing and leasing data,

business plans and projections, appraisals, development and commercial information that is not publicly available;

   (d) any information entitled to protection pursuant to applicable law; and

   (e) any information a Party believes in good faith to be confidential.

  1.3 "Producing Party" means any Party to this Litigation, or any other person or entity producing documents, information or other materials or things in this Litigation.

  1.4 "Legend" means a clearly visible stamp or other insignia stating "CONFIDENTIAL" or other appropriate term of terms connoting the confidentiality of the document, material or thing.

  1.5 "Party" or "Parties" means the parties to this Litigation.

  1.6 "Litigation" means the above-captioned consolidated matters.

  2. <u>Limitations on Use</u>.  Any Confidential Document produced in this Litigation shall not be used for any purpose other than discovery, motions, briefs, the trial and preparation for trial, and any appellate proceedings related to this Litigation, and shall not be used for purposes unrelated to this Litigation.  Except as otherwise required by law, any

Confidential Document, as well as any summaries, charts, or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court, and to:

      2.1    Parties and their employees, officers, agents or directors such Party has determined have a need to review the information in connection with the Litigation;

      2.2    attorneys for the Parties and the attorneys' employees, agents, paralegals or other support staff;

      2.3    court reporters involved in oral depositions, records depositions, trial or any hearings or proceedings before the Court in this Litigation;

      2.4    independent contractors, experts, consultants or advisors who are employed or retained by, or consulted about retention on behalf of, any Party or any Party's counsel to assist in the Litigation;

      2.5    deponents and trial witnesses, including any Party witnesses as well as third-party witnesses, and their counsel, who have a need to review Confidential Documents and/or Confidential Information during the course of, or in connection with, depositions taken or testimony given in or for this Litigation;

3. <u>Duty to Advise of Order</u>.  Subject always to the terms of this Amended Stipulated Protective Order, Confidential Documents and/or Confidential Information may be disclosed only to persons referred to in paragraphs 2.1, 2.2 and 2.3 of this Amended Stipulated Protective Order only after such person has been advised of the terms and operation hereof.

4. <u>Persons Required to Read Stipulation</u>.  Subject always to the terms of this Amended Stipulated Protective Order, Confidential Documents and/or Confidential Information may be disclosed to persons referred to in paragraphs 2.4 and 2.5 only after such person has been shown a copy of this Amended Stipulated Protective Order and has signed a statement in the form attached as Exhibit A.  The signed statements shall be retained by the Party (or its counsel) who retained or consulted with the person signing such statement.  The signed statements shall not be discoverable except on a showing of good cause pursuant to Fed.R.Civ.P. 26(b), pursuant to court Order, or by agreement of the Party who retained or consulted the person signing such statement.

<u>Designation of Documents to be Produced</u>.  Any Party may designate any document or portion thereof which contains Confidential Information as Confidential pursuant to this Amended Stipulated Protective Order, by affixing an appropriate Legend to any such document or portion thereof, or

5

by taking such other reasonable steps to identify to all other Parties said documents as Confidential. Absent an agreement of the Parties, non-party Producing Parties shall be required to seek a Court Order or other appropriate relief in order to designate any document, material, thing or information as Confidential.

5.  <u>Designation of Previously Produced Documents</u>.  Any Party may designate as "Confidential" any documents that have been previously produced or disclosed without such designation by any non-party Producing Party, within 30 days of the initial production of such documents, provided that the documents designated as Confidential contain Confidential Information of the designating Party.  Such designation of previously produced documents shall be done in the following manner:

5.1  Parties may designate such documents by sending written notice of such designation, accompanied by copies of the designated documents bearing the Legend, to all other Parties to this Litigation, together with a request that any copies of such documents not bearing the Legend shall either be returned to the designating Party, or shall have the Legend affixed thereto, all at the expense of the designating Party, and the Parties receiving such a request shall, within 7 days, comply or give notice that they disagree with the new confidential designation, in which instance, the Party

seeking the Confidential designation shall seek relief from the Court regarding the same;

      5.2    To further the purposes of this paragraph 6, all documents produced by any non-party Producing Party will be treated as confidential for 30 days after initial production to permit any Party to invoke this subparagraph 6.

      6.    <u>Designation of Depositions</u>. If a Party seeks to designate as Confidential any transcript of an oral deposition or portion thereof, counsel for such Party shall make a statement to that effect on the record at the time of such oral deposition, and shall instruct the court reporter to affix the Legend to each copy of such transcript, including the cover page and all pages of the transcript so designated. A Party may also designate deposition corrections containing Confidential Information by noting such designation on the correction document signed and returned to the Court reporter, or by giving written notice to all other Parties within 7 days of receipt of such deposition correction document signed by any person not associated with such Party.

      7.    <u>Filing of Confidential Documents and/or Confidential Information</u>. In the event that any Party seeks to file with the Court any Confidential Document or Confidential Information, such Party shall make

such filing **without** including such Confidential Document or Confidential Information, but including appropriate language to indicate that the exhibits or other materials proposed to be filed are subject to this Amended Stipulated Protective Order. Within 7 days after service of such filing and service of an unredacted copy of such filing to indicate precisely to the recipient the Confidential Document or Confidential Information to be included therewith, the Party designating as Confidential the proposed exhibits or materials shall apply to the Court for appropriate relief to allow for the sealing or other confidential treatment thereof. Failure of any Party designating such proposed exhibits or materials as Confidential to apply for relief within 7 days of service of the filing, together with the unredacted copy referred to above, shall constitute a waiver of any claim of confidentiality or other protection, and each such proposed exhibit or other materials may be filed in the public record and shall thereafter be deemed to be public information unburdened by the terms hereof.

      8.    <u>Objections to Designation</u>. If any Party deems that any document, material or thing has been inappropriately designated as Confidential, such Party may object to any such designation and seek modification of such designation by requesting that the Party so designating the document, material or thing make a showing sufficient to justify such

treatment under applicable law and procedure. If the Parties are unable to agree as to any such objection, then within 7 days after service on all Parties of written notice by the Party so objecting, the Party designating any such document, material or thing as confidential shall bring an appropriate application or motion to preserve the status of any such document, material or thing as Confidential under the terms hereof. Failure of any Party designating such document, material or thing Confidential to apply for relief within 7 days of service of the aforementioned written notice shall constitute a waiver of any claim of confidentiality or other protection, and each such document, material or thing shall thereafter be deemed to be public information unburdened by the terms hereof.

    9.    <u>Requests for Confidential Documents</u>. If at any time any document or information protected by this Amended Stipulated Protective Order is requested by any other person or entity purporting to have authority to require its production, or is the subject of a subpoena duces tecum issued by a court of competent jurisdiction, the Party to whom the request or subpoena duces tecum is directed shall immediately give written notice thereof to the Party designating such document or information as Confidential. Upon the sending of such written notice, together with a copy of any such request or subpoena duces tecum, the Party to whom the request

or subpoena duces tecum is directed shall have no further obligation to preserve or otherwise protect from disclosure any such document or information, provided such Party cooperates with the Party designating such document or information as confidential in seeking appropriate relief from a court of competent jurisdiction. If, however, the obligations of the Party to whom such request or subpoena duces tecum is directed require production within a specified time, failure of the Party designating such document or information as Confidential to obtain appropriate relief or otherwise obviate such Party's aforementioned obligations shall constitute a waiver of any claim of confidentiality or other protection, and such documents or information shall thereafter be deemed to be public information unburdened by the terms hereof.

      10.    <u>Continuation of Protection After Disposition</u>.  All documents and information designated as Confidential pursuant to this Amended Stipulated Protective Order, except such documents, information, materials or things for which such designation has been objected to, waived, or otherwise disposed of pursuant to the terms hereof, shall be maintained by the Parties and their representatives in a manner designed to prevent unauthorized access. The termination of this Litigation shall not relieve any Party from the obligation of maintaining the confidentiality of any such

Confidential Documents and Confidential Information which remain subject to this Amended Stipulated Protective Order, unless the Court orders or permits otherwise. Upon final disposition of the Litigation, the Parties shall:

 10.1 designate any such document, material or thing which the Party or the Party's attorney reasonably believes should be maintained as a part of their Litigation files by sending written notice of such designation and reasonably identifying the documents, materials, or things to be so maintained;

 10.2 return promptly to the Party designating any such documents, materials, or things as Confidential all such designated documents, materials, or things and all copies thereof, at the expense of the Party so designating; or

 10.3 destroy all documents which remain subject hereto, and provide certification of the steps taken to effect such destruction, at the expense of the Party so designating such documents, materials, or things as Confidential hereunder. Payment by the Party designating such documents, materials or things as Confidential for the costs, fees and expenses incurred by any other Party for such destruction and certification shall be made within 30 days after presentation of an invoice therefor to such Party's attorneys.

11. <u>Later-Named Parties and Non-Parties</u>. This Amended Stipulated Protective Order shall apply to all Parties, including all Parties that may be brought into this Litigation after the approval hereof, and to all non-parties who agree to be bound by its provisions.

12. <u>Effect of SPO</u>. This Amended Stipulated Protective Order shall supersede the SPO in all respects, provided, however, documents and information designated as confidential under the SPO shall continue to have protection provided hereby, subject to the provisions hereof.

DATED: Honolulu, Hawai`i, _____