## LIST OF CONFERENCE PARTICIPANTS

06-17219                    Sports Shinko Co v KG Holdings

QK HOTEL, LLC, a Hawaii LLC
    Defendant

KG HOLDINGS, LLC; et al.                    Simon Klevansky, Esq.
    Defendants - Appellants                 Alika L. Piper, Esq.
                                            Carisa Lima Ka'Ala Hee
                                            Attorney
                                            TEL: 808-524-0155
                                            FAX: 808-531-6963
                                            GELBER, GELBER,
                                            INGERSOLL & KLEVANSKY
                                            745 Fort Street
                                            Suite 1400, Fort St. Tower
                                            Honolulu, HI 96813

                                            Robert A. Marks, Esq.
                                            Warren Price III, Esq.
                                            TEL: 808-538-1113
                                            FAX: 808-533-0549
                                            707 Richards Street
                                            Suite 728
                                            Honolulu, HI 96813

    v.

SPORTS SHINKO CO., LTD., a                  Paul Alston, Esq.
Japanese corporation in                     Glenn T. Melchinger, Esq.
reorganization, through                     TEL: 808-524-1212
Keijiro Kimura, its Deputy                  FAX: 808-524-4591
Trustee; et al.                             ALSTON HUNT FLOYD & ING
    Plaintiff-third-party-                  American Savings Bank Tower
    defendants - Appellees                  1001 Bishop Street
                                            18th Floor
                                            Honolulu, HI 96813

FRANKLIN K. MUKAI                           William A. Bordner, Esq.
    Defendant-third-party                   TEL: 808-523-9833
    plaintiff                               FAX: 808-528-1656
                                            BURKE McPHEETERS BORDNER
                                            & ESTES
                                            Pacific Guardian Center
                                            Mauka Tower
                                            737 Bishop Street
                                            Suite 3100

# LIST OF CONFERENCE PARTICIPANTS

06-17219             Sports Shinko Co v KG Holdings

                              Honolulu, HI 96813

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
CIRCUIT MEDIATION OFFICE
P.O. BOX 193939
95 Seventh Street
San Francisco, California 94119-3939
(415) 556-9900
(415) 556-9725 (Fax)

## PROCEDURES GOVERNING THE CIRCUIT MEDIATION PROGRAM

A.  Purpose of the Program
    To facilitate settlement of the appeal.

B.  The Circuit Court Mediators
    The ten Circuit Mediators are full-time employees of the Ninth Circuit. They are experienced litigation attorneys who also have extensive training and experience in negotiation, mediation and settlement.

C.  Scope of the Program
    All counseled civil cases filed in this Court, with the exception of certain categories of cases set forth in Ninth Circuit Rules 3-4 and 15-2, are eligible to be included in the Program.

D.  Selection of Cases for Inclusion in the Program
    The Civil Appeal Docketing Statement. In almost all civil cases, counsel must complete and submit to the district court upon the filing of the Notice of Appeal, or to the Ninth Circuit upon the filing of a Petition for Review, a Civil Appeal Docketing Statement ("CADS"). Specific requirements for the CADS are set forth in Ninth Circuit Rules 3-4 and 15-2 and Federal Rules of Appellate Procedure, Appendix Form 6. The Court looks to the CADS to help determine if a case is an appropriate candidate for inclusion in the Mediation Program and to facilitate case management.
    Assessment Conference. Following review of the CADS, the Court will usually conduct a telephonic assessment conference before deciding whether the case should be included in the Program. Counsel are to discuss settlement with their principals before the assessment conference. The initial assessment conference typically lasts between 30 minutes and one hour and includes a discussion of the case's litigation history and possible settlement processes and structures.

Selection of cases is based upon a number of factors, including the parties' interest in participating and the likelihood of settlement. Approximately fifty percent of eligible cases are selected.

While participation in the Program typically occurs in the pre-briefing stage, counsel may ask to be included in the Program at any time. Requests should be in writing and addressed to the Chief Circuit Mediator. These communications will be kept confidential at counsel's request.

E. Scheduling Conferences

Prior to each conference, counsel will receive an order setting the date, time and place of the conference, identifying the participants and, if appropriate, instructing them how to prepare. The Court looks with disfavor on requests to reschedule the conference date, except where a date directly conflicts with a previously scheduled court appearance or vacation.

The court will initiate the telephone call and contact each participant at the telephone number listed on the "List of Conference Participants" attached to the order. Counsel should check the information for completeness and accuracy. Please advise the Mediation Office of questions about dates, of any changes or corrections in participants or telephone numbers or if the appeal settles before the conference date by **fax (415) 556-9725**.

**Unless counsel receive an order scheduling an assessment conference or an order selecting the appeal for the Program, counsel should assume the appeal has not been selected for inclusion in the Program. In the absence of an order-resetting or vacating the briefing schedule, counsel must comply with the original briefing schedule set by the clerk.**

F. Settlement Procedures

Each case presents unique circumstances and personalities that must be considered in determining the settlement procedure that provides the optimal chance for resolution. Thus, settlement procedures are determined on a case-to-case basis. The individualized procedure may include an initial conference by telephone or in-person, with attorneys and with or without parties themselves. Customarily, the initial conference provides counsel and the Mediator the opportunity to exchange information and determine a process that might provide the greatest opportunity for resolution. Thereafter, the Mediator may conduct follow-up conferences with parties or attorneys, either in separate or joint sessions, in-person or on the telephone. In appropriate circumstances, the Mediator may issue procedural orders to accommodate private mediators or to coordinate the

settlement process with related proceedings, or may refer a case to a judge, magistrate, arbitrator or other mediator.

G.   Preparing for a Settlement Conference

Prior to the conference, counsel should discuss with their clients what the clients believe must be present to achieve a fair settlement, encouraging them to explore not only their legal positions but also the interests that underlie their positions. Counsel should also discuss the risks of litigation, litigation expenses, the advantages and disadvantages of likely litigated and mediated outcomes, and an assessment of the opposition's interests, needs and point of view.

In some cases, the Mediator will request mediation statements prior to conferences. The contents of the statements and whether they will be exchanged with the other parties will be determined at the time of the request.

H.   Participants and Authority

Generally, parties appear at the initial conference through counsel. All counsel intending to file briefs in the case shall participate in the conference. If more than one attorney is representing a party, then the attorney with the most direct relationship with the client for the purpose of settlement discussions must participate. Co-counsel and other attorneys in principal counsel's firm may attend if their presence would be beneficial.

Subsequent conferences may also include participation of the parties and representatives of insurance carriers or other parties. If telephone conference participants do not possess the authority to make and respond to settlement proposals, someone with authority must be readily available. Parties in in-person mediations must be represented by an individual who is fully informed and vested with full, discretionary settlement authority.

I.   Confidentiality of the Process

In order to encourage efficient and frank settlement discussions, the Court exercises great care to ensure strict confidentiality of the settlement process. Circuit Rule 33-1 provides that settlement-related information disclosed to a court mediator will be kept confidential and will not be disclosed to the judges deciding the appeal or to any other person outside the Circuit Mediation Program participants. Documents and correspondence related to settlement are maintained only in the Circuit Mediation Office and are never made part of the main Ninth Circuit case file. Should the mediator confer separately with the participants, those discussions shall also be maintained in confidence from the other

participants in the settlement discussions to the extent that the communicating parties request.

In addition, parties and their clients who participate in any aspect of the Circuit Mediation Program are expected to respect the confidentiality of the settlement processes and to adhere to the following:

(1) Unless they indicate otherwise to the mediator at the initiation of any settlement discussions, all parties, attorneys and other participants in the settlement discussions are assumed to agree that any written or oral communication made by the mediator, or any party, attorney, or other participant in the settlement discussions:
    (a) may not be used for any purpose in any pending or future proceeding in this or any other court or administrative forum; and
    (b) may not be disclosed to anyone who is not a participant in the mediation or an authorized agent of a participant.

(2) The nondisclosure provisions of paragraph (1) do not apply if such disclosure:
    (a) is agreed upon by all participants in the mediation and the court; or
    (b) is made in the context of a subsequent confidential mediation or settlement conference with the agreement of all participants and the subsequent third-party neutral.

J.    <u>Authority of the Mediator</u>

Once ordered by the Mediator, participation in telephone or in-person conferences is mandatory. The Mediator may order participation of counsel, the parties themselves, or both. Failure to participate may result in sanctions, including dismissal of the appeal.

In cases selected for inclusion in the Program, the Mediator is authorized to rule on certain non-dispositive procedural matters, including the briefing schedule, stays, consolidation and other case management issues. Before participants bring procedural motions, they should consult the Circuit Mediator. If the Mediator is unable to resolve a procedural issue with counsel by consensus, counsel will be directed to file a motion with the Clerk.

If settlement is not reached, the Circuit Mediator will address any jurisdictional issues and work with counsel to develop the most efficient and

expeditious plan for disposition of the case. This may include limiting the issues, limiting briefing and defining the record on appeal, or staying the appeal pending some contingency, such as disposition of a related case.

At the conclusion of the last conference, the Circuit Mediator will issue an order releasing the case from the Mediation Program. After that point, counsel shall direct all inquiries and filings to the Clerk's office.

K.   Additional Information

Any questions concerning the Mediation Program should be raised by contacting the Mediation Office at P.O. Box 193939, 95 Seventh Street, San Francisco, CA 94119-3939, fax (415) 556-9725 or phone (415) 556-9900. For general questions concerning the rules and procedures of the Ninth Circuit, please contact the Clerk's office at P.O. Box 193939, 95 Seventh Street, San Francisco, CA 94119-3939, (415) 556-9800. **All communications must include reference to the Ninth Circuit docket number.**

rev. 03/03/04