PRICE OKAMOTO HIMENO & LUM

| | |
|---|---|
| WARREN PRICE III | 1212 |
| ROBERT A. MARKS | 2163 |

707 Richards Street, Suite 728
Honolulu, Hawaii 96813
Phone: 808.538.1113
Fax: 808.533.0549
e-mail: ram@pohlhawaii.com

Attorneys for Plaintiffs
KG HOLDINGS, LLC and
KG MAUI DEVELOPMENT, LLC

EX OFFICIO    J. KUBO    CLERK

## IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| KG HOLDINGS, LLC, a Hawaii limited liability company and KG MAUI DEVELOPMENT, LLC, a Hawaii limited liability company,<br><br>　　　Plaintiffs,<br><br>　　vs.<br><br>SPORTS SHINKO (HAWAII) CO., LTD., a Hawaii corporation, and SPORTS SHINKO (PUKALANI) CO., LTD., a Hawaii corporation,<br><br>　　　Defendants. | Civil No. 06-1-0223(3)<br>(OTHER CIVIL ACTION)<br><br><br>FIRST AMENDED COMPLAINT AND SUMMONS |

## FIRST AMENDED COMPLAINT

PLAINTIFFS KG HOLDINGS, LLC, a Hawaii limited liability company

and KG MAUI DEVELOPMENT, LLC, a Hawaii limited liability company;

(collectively, "Plaintiffs" or "KG"), state their claims against Defendants

I do hereby certify that the foregoing is a true copy of the original.

Ex officio Clerk

**EXHIBIT M-8**

SPORTS SHINKO (HAWAII) CO., LTD., a Hawaii corporation, and SPORTS

SHINKO (PUKALANI) CO., LTD., a Hawaii corporation, as follows:

PARTIES

1.    Plaintiffs KG HOLDINGS, LLC (hereinafter called "KG Holdings")

and KG MAUI DEVELOPMENT, LLC (hereinafter called "KG Maui") are

limited liability companies formed under the laws of the State of Hawaii, whose

principal places of business are in the State of Hawaii, and are collectively referred

to herein as "Plaintiffs" or "KG".

2.    KG Maui is the wholly owned subsidiary of KG Holdings.

3.    Defendant SPORTS SHINKO (HAWAII) CO., LTD. (hereinafter

called "SS Hawaii") is a corporation organized and existing under the laws of the

State of Hawaii as a holding company, with its principal place of business in the

State of Hawaii.

4.    Defendant SPORTS SHINKO (PUKALANI) CO., LTD. (hereinafter

"SS Pukalani") is a corporation organized and existing under the laws of the State

of Hawaii and with its principal place of business in the State of Hawaii.

5.    SS Pukalani is one of several wholly owned subsidiaries of Defendant

SS Hawaii.

2

VENUE

6.      This litigation is an action concerning the ownership of, and affects the title to, or right to possession of, certain real property, being:

> All of that certain parcel of land situate at Makaehu, Kohoilo, Aapueo-Nui, District of Kula, Island and County of Maui, State of Hawaii, being LOT 56, of the "PUKALANI TERRACE AND COUNTRY CLUB SUBDIVISION, UNIT I-B", as shown on File Plan Number 1464, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 30.457 acres.

This above-described real property is referred to herein as the "Property".

7.      As of January 25, 2002, the Property was a portion of the lands that comprised Tax Map Key Parcel No. (2) 2-3-009-039.

8.      By this action, KG Holdings and/or KG Maui are seeking to obtain title to, and possession of, the Property.

9.      Venue is proper in this circuit pursuant to Haw. Rev. Stat. § 603-36(2) because the Property in situated on Maui.

FACTUAL ALLEGATIONS

The Transaction Between the Parties and Their Affiliates

10.      On or about December 4, 2001, Kobayashi Group asked SS Hawaii if it would be interested in selling some or all of its Hawaii assets, and expressed a serious interest in purchasing Defendant SS Hawaii's assets in Hawaii, and in particular, its hotels, golf courses, and development lands.

11.    These properties and assets were then held and owned by SS Hawaii or by several of its wholly owned subsidiaries, including Defendant SS Pukalani, as well as Sports Shinko (Waikiki) Corporation, Sports Shinko (Kauai) Co., Ltd., and Sports Shinko (Mililani) Co., Ltd.  In addition, Pukalani STP Co., Ltd. ( a direct wholly owned subsidiary of SS Pukalani), and Sure Transportation, Inc. (a direct subsidiary of Sports Shinko (Mililani) Co., Ltd.) were also subsidiaries of SS Hawaii.  Pukalani STP Co., Ltd. owned and operated a sewage treatment plant. Sure Transportation, Inc. owned and operated a motor carrier as defined in Chapter 271 of the Hawaii Revised Statutes.  Sports Shinko (Waikiki) Corporation, Sports Shinko (Kauai) Co., Ltd., and Sports Shinko (Mililani) Co., Ltd., Pukalani STP Co., Ltd., and Sure Transportation, Inc. are hereinafter referred to as the "Sister Companies".

12.    On or about December 11, 2001, Kobayashi Group submitted to SS Hawaii an offer to purchase two hotels, three golf courses, and the "lands held for development" ("Offer"), pursuant to a formal purchase and sale agreement to be prepared upon acceptance of said Offer.

13.    The "lands held for development" referenced in the Offer included all of Tax Map Key Parcel No. (2) 2-3-009-039, including, without limitation, the Property.

14.    Defendant SS Hawaii accepted the December 11, 2001 Offer for itself and on behalf of its subsidiaries, Defendant SS Pukalani and its Sister Companies.

15.    For purposes of effectuating the purchase and sale under the Offer, Kobayashi Group incorporated the Plaintiff entities, KG Holdings and KG Maui, as well as other Hawaii limited liability companies enumerated in paragraph 19 below, and designated these entities as its nominees to acquire title to and ownership of the two hotels, three golf courses and the "lands held for development" from Defendant SS Hawaii, and from Defendant SS Pukalani and certain of the Sister Companies.

16.    Plaintiff KG Holdings, LLC was formed and is the parent company of the Hawaii limited liability companies identified in paragraph 19 below.

17.    SS Hawaii made it clear that the sale of the hotels, golf courses and "lands held for development" would occur only if its other holdings in Hawaii, namely, the stock of Pukalani STP Co., Ltd., and the stock of Sure Transportation, Inc. were also acquired by Plaintiff KG Holdings.

18.    On or about January 15, 2002, a Purchase and Sale Agreement ("PSA") was signed by Defendant SS Hawaii, SS Pukalani, and the Sister Companies, as Sellers, and by Plaintiff KG Holdings, for itself and its nominees, as Buyer.

19.    The subsidiaries created by KG Holdings, LLC and designated as nominees to acquire the property and assets which the parties intended to be conveyed and sold, pursuant to the Offer and the PSA, were as follows:

a.    Plaintiff KG Maui (which was formed to acquire title to the "lands held for development" adjacent and related to the Pukalani golf course on Maui).

b.    Pukalani Golf Club LLC (which was formed to acquire title to, and did acquire title to, the Pukalani golf course, and associated fixtures and personal property).

c.    Mililani Golf Club, LLC (which was formed to acquire title to, and did acquire title to, the Mililani golf course, and associated fixtures and personal property).

d.    Kiahuna Golf Club, LLC (which was formed to acquire title to, and did acquire title to, the Kiahuna golf course, and associated fixtures and personal property).

e.    KG Kauai Development, LLC (which was formed to acquire title to, and did acquire title to, the "lands held for development" adjacent and related to the Kiahuna golf course).

f.    QK Hotel LLC (which was formed to acquire title to, and did acquire title to the leasehold interest, fixtures, and personal property comprising the Queen Kapiolani Hotel).

g.    OR Hotel LLC (which was formed to acquire title to, and did acquire title to the leasehold interest, fixtures and personal property comprising the Ocean Resort Hotel).

h.    In addition, Pukalani Golf Club LLC was formed to acquire all of the capital stock of Pukalani STP Co., Ltd., and Mililani Golf Club, LLC was formed to acquire all of the capital stock of Sure Transportation, Inc. as part of the bulk transfer of all of the Hawaii assets of the Sports Shinko companies pursuant to the terms of the PSA.

20.    Plaintiffs fully performed all of their duties and obligations under the PSA, and for purposes relevant to this litigation, the purchase and sale transaction contemplated by the PSA closed on January 25, 2002 (the "Closing").

21.    At Closing, KG Maui acquired title to and ownership of all of the "lands held for development" adjacent and related to the Pukalani golf course on Maui, except for the Property.

22.    The Property was included in the Offer submitted to, and accepted by, among other parties, Defendants SS Hawaii and SS Pukalani, and the parties intended that the Property be included in the PSA and the Deed conveying title of

7

all the "lands held for development" adjacent and related to the Pukalani golf course on Maui to Plaintiffs.

23.    The PSA provides in section 1.1(a)(v) thereof that the property to be sold by the Seller and purchased by Buyer was comprised of the property commonly known as the "Pukalani Country Club", which was designated by certain tax key parcels numbers, including, without limitation, Tax Map Key Parcel No. (2) 2-3-9-39.

24.    As of Closing, Tax Map Key Parcel No. (2) 2-3-9-39 consisted of two legal parcels, one of which was the Property and the other being Lot 64 of the "Pukalani Terrace And Country Club Subdivision, Unit I-B," as shown on File Plan Number 1464, filed in the Bureau of Conveyances of the State of Hawaii ("Lot 64"). As of Closing, the Property, combined with Lot 64, comprised Tax Map Key Parcel No. (2) 2-3-9-39. Lot 64 is a drainage lot.

25.    The property description of the Maui lands attached to the PSA as Exhibit A-5 included only Lot 64, but did not include a property description of the entirety of Tax Map Key Parcel No. (2) 2-3-9-39 (as then constituted on the tax map). Plaintiffs are informed, and upon such information and belief allege, that Exhibit A-5 was prepared by SS Hawaii, SS Pukalani, and the Sister Companies based on a title report that only included a description of Lot 64, which was only

8

one of the legal parcels comprising Tax Map Key Parcel No. (2) 2-3-9-39 as of Closing, and did not include a description of the Property.

26.    As a result, the description of the Property was also not included in the real property description attached to the deed between Defendant SS Pukalani, as Grantor, and Plaintiff KG Maui, as Grantee, which deed was intended to transfer all of the "lands held for development" in the "Pukalani Country Club", including the Property.

27.    When Plaintiffs learned that the Property was not conveyed at Closing, together with the other "lands held for development" in the "Pukalani Country Club", Plaintiffs promptly brought this error to the attention of Defendants and submitted a correction deed to SS-Pukalani to execute to correct this omission by the conveyance of the Property to Plaintiff KG Maui pursuant to the intent of the sellers and buyer under the PSA.

28.    Defendant SS Pukalani has failed and refused to execute the Correction Deed, or to otherwise convey the Property to Plaintiffs as agreed by the parties.

29.    Plaintiffs' demands that Defendants convey the Property to Plaintiffs have to date been rejected or ignored by Defendants.

The Cartwright Property Omission

30.    The "Cartwright Property" is comprised of certain real property situate on Oahu that is part of the Queen Kapiolani Hotel.

31.    Following the Closing, KG Holdings and QK Hotel LLC discovered the Cartwright Property had been erroneously and inadvertently omitted from the properties described in the PSA.

32.    In early 2002, when the failure to transfer ownership of the Cartwright Property was discovered, KG Holdings and its subsidiary, QK Hotel LLC asked Defendant SS Pukalani's sister company that owned the Cartwright Property (Sports Shinko (Waikiki) Corporation) to voluntarily convey the Cartwright Property to QK Hotel LLC.  Defendant SS Pukalani's sister company conveyed the Cartwright Property as requested.

33.    The foregoing actions concerning to the Cartwright Property show that Defendants, which are owned and controlled by the same individuals as the Sister Company that conveyed the Cartwright Property, understood and agreed that the properties purchased by KG Holdings and its subsidiaries include all of the Hawaii properties owned by Defendants and their Sister Companies, including the Property.

The Notice of Pendency of Action in D. Hawaii CV. No. 04-00125 ACK-BMK

34.    In litigation between Sports Shinko (USA) Co., Ltd., (the parent company of Defendant Sports Shinko (Hawaii) Co., Ltd. and the grand parent company of Defendant SS Pukalani) and KG Maui and Pukalani Golf Club, LLC in D. Hawaii CV No. 04-00125 ACK-BMK (complaint filed February 20, 2004), Sports Shinko (USA) Co., Ltd. filed a notice of Pendency of Action.  The Notice of Pendency of Action was also filed in the Bureau of Conveyances of the State of Hawaii as Document No. 2004-036087 and in the Land Court as Document No. 3073328, noted on Transfer Certificates of Title No. 602,231 and 602,232 on February 23, 2004 (the "NOPA").

35.    In the property description attached to the NOPA, Sports Shinko (USA) Co., Ltd. includes the Property, which Sports Shinko (USA) Co., Ltd. described in the NOPA as being property conveyed to KG Maui by "Sports Shinko (Pukalani) Development Co. Ltd." by deed recorded on January 25, 2002 at the Bureau of Conveyances, State of Hawaii, as Document No. 2002-013850, and at the Land Court, State of Hawaii, as Land Court Document No. 2773004.

36.    The recordation date, bureau of conveyances document number and land court document number set forth in the preceding paragraph accurately reflect the foregoing information for the deed conveying the "lands held for development"

11

adjacent and relating to the Pukalani golf course from Defendant SS Pukalani to Plaintiff KG Maui.

37.    At all times relevant to this dispute, Sports Shinko (USA) Co., Ltd. has been the sole shareholder of Defendant SS Hawaii.

38.    At all times relevant to this dispute, SS Hawaii has been the sole shareholder of Defendant SS Pukalani.

39.    At all times relevant to this dispute, Sports Shinko (USA) Co., Ltd. has had common officers and directors with SS Hawaii and SS Pukalani and has controlled the business and legal affairs of SS Hawaii and SS Pukalani.

40.    At all times relevant to this dispute, defendants SS Hawaii and SS Pukalani has been controlled by Sports Shinko (USA) Co., Ltd., which, in turn, has been controlled by Sports Shinko Co., Ltd., a Japan corporation.

41.    In placing the NOPA on the Property, Sports Shinko (USA) Co., Ltd., for itself and its direct and indirect subsidiaries, including SS Hawaii and SS Pukalani, has recognized and admitted that the properties purchased by KG Holdings and its nominee, including KG Maui, include all of the "lands held for development" adjacent and relating to the "Pukalani Country Club", including the Property.

42.    The Defendants are wrongfully retaining title to the Property.

12

43.     The Defendants are estopped to deny that title and possession of the Property should vest in Plaintiffs or either of them.

<h2 style="text-align:center">COUNT I: SPECIFIC PERFORMANCE</h2>

44.     Plaintiffs incorporate the allegations of ¶¶ 1-43 into this Count 1.

45.     The conveyance of the Property to Plaintiffs is a material term of the PSA.

46.     Defendant SS Hawaii is obligated to convey all of the "lands held for development" adjacent and related to the "Pukalani Country Club", including, without limitation, the Property to Plaintiffs.

47.     The Property is unique.

48.     The Plaintiffs have no adequate remedy at law for the Defendants' failure and refusal to convey the Property to them.

49.     KG has complied with all of the terms and conditions of the PSA.

50.     The Court should order specific performance and compel the Defendants or either of them to convey the Property to Plaintiffs.

<h2 style="text-align:center">COUNT 2: DECLARATORY RELIEF</h2>

51.     Plaintiffs incorporate the allegations of ¶¶ 1-50 into this Count 2.

52.     Plaintiffs are entitled to a declaration that pursuant to the PSA, the Defendants, or either of them, are obligated to transfer title and the right to

possession of the Property to Plaintiffs and that Plaintiffs are entitled to ownership

of the Property.

53.    Alternatively, Plaintiff KG Maui is entitled to a declaration that it

owns the Property by virtue of the deed between Defendant SS Pukalani, as

Grantor, and Plaintiff KG Maui, as Grantee, recorded on January 25, 2002 at the

Bureau of Conveyances, State of Hawaii, as Document No. 2002-013850, and at

the Land Court, State of Hawaii, as Land Court Document No. 2773004 recorded

on Transfer Certificate of Title No. 602231.

### COUNT 3: CONSTRUCTIVE TRUST

54.    Plaintiffs incorporate the allegations of ¶¶ 1-53 into this Count 3.

55.    Defendants will be unjustly enriched if Defendants or either of them is

allowed to retain the Property.

56.    Based upon the foregoing allegations, Plaintiffs are entitled to a

constructive trust on the Property.

WHEREFORE Plaintiffs ask that judgment be entered against Defendants as

follows:

A.    For specific performance compelling the transfer of the Property from

Defendant SS Pukalani to Plaintiffs, vesting title and possession in Plaintiff KG

Maui Development, LLC;

B.    For a declaration that:

       i.        Defendants, or either of them, are wrongfully retaining title to the Property,

       ii.       Defendants, or either of them, are estopped to deny that title and possession of the Property should vest in Plaintiffs or either of them, and

       iii.      Plaintiff KG Maui Development LLC is entitled to the conveyance of the Property to it, and to title and possession thereof;

      C.    That the Court impose a constructive trust on the Property for the Plaintiffs' benefit; and

      D.    For such other and further relief that the Court deems just and proper.

      DATED:  Honolulu, Hawaii, July 19, 2006.

WARREN PRICE III
ROBERT A. MARKS

Attorneys for Plaintiffs
KG HOLDINGS, LLC, and
KG MAUI DEVELOPMENT, LLC

15