IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD.,<br>        Plaintiff,<br>  vs.<br>QK HOTEL, LLC, et al.,<br>        Defendants,<br>  and<br>FRANKLIN K. MUKAI,<br>        Third-Party Plaintiff,<br>  vs.<br>SPORTS SHINKO (USA) CO., LTD., et al.,<br>        Third-Party Defendants,<br>  and<br>SPORTS SHINKO (HAWAII) CO., LTD., et al.,<br>        Third-Party Defendants/<br>        Counterclaimants,<br>  vs.<br>QK HOTEL, LLC, et al.,<br>        Third-Party Counterclaim<br>        Defendants.<br>AND CONSOLIDATED CASES | CV 04-00124 ACK-BMK<br>CV 04-00125 ACK-BMK<br>CV 04-00126 ACK-BMK<br>CV 04-00127 ACK-BMK<br>CV 04-00128 ACK-BMK<br><br>CONSOLIDATED CASES<br><br>DECLARATION OF<br>MICHAEL A. COHAN |

DECLARATION OF MICHAEL A. COHAN

Pursuant to 28 U.S.C. § 1746, MICHAEL A. COHAN states as follows:

1.    I am a certified public accountant, licensed to practice in the State of California. I have been qualified as an expert on accounting and auditing in

California Superior Court and United States Bankruptcy Court for the Northern District of California. My current *curriculum vitae* is attached as Exhibit C-1 hereto.

2.  I have personal knowledge of the facts stated in this declaration. If called as a witness, I could and would competently testify to the matters stated herein.

3.  In making this declaration I have reviewed, among other materials: 1) the 2003 consolidated federal income tax return of Sports Shinko (USA) Co., Ltd. and its subsidiaries ("CON SS-USA"), 2) CON SS-USA's 2003 consolidated financial statements, and 3) accounting working papers prepared in connection with the foregoing 2003 tax return and financial statements. All of these documents were prepared or compiled by the staff of Grant Thornton LLP ("GT").

4.  I have read Sports Shinko (USA) Co., Ltd.'s Supplemental Memorandum filed February 22, 2007 ("SS Supp. Memo.") and the Declaration of Doreen Griffith ("DG decl.") and exhibits filed with it.

5.  At December 31, 2003, CON SS-USA comprised fourteen entities including Sports Shinko (USA) Co., Ltd. as a stand-alone entity ("SA SS-USA") and its four wholly-owned subsidiaries – La Costa Hotel and Spa Corporation ("La Costa"); Encinitas Resort Corporation ("Encinitas"); Sports Shinko Florida Co., Ltd. ("SS-Florida"); and, Sports Shinko (Hawaii) Co., Ltd. ("SS-Hawaii"). SS-

Florida had three wholly-owned subsidiaries. SS-Hawaii had four wholly-owned subsidiaries, one of which had two wholly-owned subsidiaries. The particulars of the foregoing parent-subsidiary relationships are set forth in DG decl., Exhibit G-1 under Part II.

6. Attached as Exhibit C-2 is an annotated copy of Exhibit G-2 to the DG decl. This document is part of the 2003 consolidated tax return and was prepared by GT to report CON SS-USA's combined tax basis balance sheet at December 31, 2003. The last column on the second page of this exhibit (see double-lined purple bordered section) is the tax basis balance sheet of SA SS-USA. This column reflects assets of SS-USA standing alone, without taking into account the assets of its subsidiaries.

7. At December 31, 2003, SA SS-USA's total assets were ███████. See "Total Assets" row in double-lined column of Exhibit C-2 page 2. Of that total amount, ███████████ is "other assets" (see solid green bordered caption and amount). ████████████████████████████████
████████████████

8. At any balance sheet date, the amount of SA SS-USA's "investment in subsidiaries" should represent the value of its investment in the equity of each of the entities in which it has invested. Consolidated financial statements reflect the elimination of a parent company's investment in a subsidiary against the equity of

that subsidiary that the parent owns. At December 31, 2003, each subsidiary of SA SS-USA was 100% owned; therefore, the sum of the equity accounts of La Costa, Encinitas, SS-Florida and SS-Hawaii should equal the balance of SA SS-USA's investment in subsidiaries account. This accounting truism is confirmed in CON SS-USA's December 31, 2003 financial statement balance sheet.

9. The December 31, 2003 tax basis equity of La Costa, Encinitas and SS-Hawaii is reported on page 1 of DG decl. Exhibit G-1. See solid green bordered captions and amounts at page 1 of Exhibit C-2. ▮▮▮

10. At December 31, 2003, SS-Hawaii's equity was ▮▮▮. That amount is computed by summing SS-Hawaii's "common stock", "additional paid-in capital" and "retained earnings: unappropriated." See solid green bordered amounts at Exhibit C-2, page 1.

11. Using the same methodology described in ¶ 10, the December 31, 2003 tax basis equity of La Costa/Encinitas (combined) can be computed to be ▮▮▮. Had the books and records of each CON SS-USA subsidiary reflected all activity through December 31, 2003, SS-Florida's tax basis equity would properly be imputed to be ▮▮▮ However, apparently the

books and records of some or all CON SS-USA subsidiaries did not reflect certain activity. This fact is established by "prior year" and "prior period" adjustments made to "other assets" and "retained earnings" of CON SS-USA's December 31, 2003 "combined" tax basis balance sheet to produce the "consolidated" tax basis balance sheet.

12. Using only data from the 2003 consolidated tax return it can be established that SA SS-USA's investment in SS-Hawaii is at least ▓▓ of its December 31, 2003 tax basis investment in subsidiaries and total assets.

13. The finding that SA SS-USA's December 31, 2003 investment in SS-Hawaii is at least ▓▓ of its tax basis investment in subsidiaries is consistent with other measurements of how the assets and income generating activities of that entity, standing alone, are disbursed over the four entities it owned. For example, using CON SS-USA's compiled 2003 consolidated financial statements, at December 31, 2003, SS-Hawaii comprises ▓▓ of SA SS-USA's investment in subsidiaries. The remaining ▓▓ is made up of La Costa/Encinitas ▓▓ and SS-Florida ▓▓.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Pleasanton, California, February 28, 2007.

_____
MICHAEL A. COHAN

5