IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation,<br><br>    Plaintiff,<br><br> vs.<br><br>PUKALANI GOLF CLUB, LLC, a Hawai`i limited liability company; KG MAUI DEVELOPMENT, LLC, a Hawai`i limited liability company; KG HOLDINGS, LLC, a Hawai`i limited liability company, FRANKLIN K. MUKAI,<br><br>    Defendants. | CIVIL NO. 04-00125 ACK/BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |
| FRANKLIN K. MUKAI,<br><br>    Third-Party Plaintiff,<br><br> vs.<br><br>SPORTS SHINKO CO., LTD., a Japan corporation, SPORTS SHINKO (HAWAII) CO., LTD., a Hawai`i corporation, SPORTS SHINKO (MILILANI) CO., LTD., a Hawai`i corporation, SPORTS SHINKO (KAUAI) CO., LTD., a Hawai`i corporation, SPORTS SHINKO (PUKALANI) CO., LTD., a Hawai`i i corporation, SPORTS | |

| |
|---|
| SHINKO RESORT HOTEL CORPORATION, a Hawai`i corporation, SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawai`i corporation, and OCEAN RESORT HOTEL CORPORATION, a Hawai`i corporation,<br><br>    Third-Party Defendants. |

MEMORANDUM IN SUPPORT OF MOTION

  Pursuant to this Court's Order entered on April 5, 2007, in Civil Nos. CV 04-001245ACK-BMK, CV 04-00126ACK-BMK, and CV 04-00128ACK-BMK, at the time those three lawsuits were filed, Plaintiff Sports Shinko (USA) Co., Ltd.'s (hereafter "SS-USA's") principal place of business was in Hawaii, see Order entered April 5, 2007, at 33, and further the KG Defendants are citizens of Hawaii. Id. Consequently, complete diversity does not exist and "this Court lacked subject matter jurisdiction over these three cases from their inception…[.]" The Court also vacated three prior orders entered in two of the cases.

  On April 10, 2007, this Court then entered three documents entitled "JUDGMENT IN A CIVIL CASE," filing one such purported judgment in each of the three dismissed cases, i.e., Civil

Nos. CV 04-001245ACK-BMK, CV 04-00126ACK-BMK, and CV 04-00128ACK-BMK.  However, while each such judgment stated that "the complaint is dismissed without prejudice to bring suit in an appropriate forum…" and further "ORDERED that this Court lacked subject matter jurisdiction …[,]" judgment was entered only "in favor of KG Defendants against Plaintiff pursuant to the 'ORDER GRANTING KG DEFENDANTS' MOTION TO DISMISS CIV. NOS. 04-00124 ACK-BMK, 04-00126 ACK-BMK AND 04-00128 ACK-BMK FOR LACK OF SUBJECT MATTER JURISDICTION' filed on April 5, 2007."  See, e.g., JUDGMENT IN A CIVIL CASE, Case: CV 04-00125 ACK-BMK, entered April 10, 2007, at 3.

"[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed.R.Civ.P. 12(h)(3).  As the Ninth Circuit has stated, even where the parties do not raise the issue, the court has an independent obligation to determine that subject matter jurisdiction exists.  See Serrano v. 180 Connect, Inc., 478 F.3d 1018, 2007 U.S. App. LEXIS 3818, *7 (9th Cir. 2007).  This is so because "[l]ack of subject matter jurisdiction is never waived, and if such lack of jurisdiction appears at any time in the case, the

court must dismiss the action." Gaison v. Scott, 59 F.R.D. 347, 1973 U.S. Dist. LEXIS 13269, **3 (D. Haw. 1973); see also, e.g., Pahk v. State of Hawaii, 109 F.Supp.2d 1262, 1266, 2000 U.S. Dist. LEXIS 16223, **5-6 (D. Haw. 2000) (when motion to dismiss is factual attack on subject matter jurisdiction, nothing precludes the trial court from evaluating for itself the existence of subject matter jurisdiction).

Defendant Mukai respectfully submits that the purported judgments filed in CV 04-001245ACK-BMK, CV 04-00126ACK-BMK, and CV 04-00128ACK-BMK adjudicate "fewer than all the claims … [and adjudicate] the rights and liabilities of fewer than all the parties … [and therefore do] not terminate the action[s] as to any of the claims or parties…[.]" See Fed.R.Civ.P. 54(b).

For example, the purported judgments do not address the claims made by Plaintiff SS-USA against Defendant Mukai, nor do those judgments address any of the additional parties and claims, including those third-party defendants named in Defendant Mukai's third-party complaints, and the counterclaims brought by those additional third-party defendants. See, e.g., Third Amended Complaint (Pukalani) in Civil No. CV 04-00125 ACK-BMK; Second

Amended Complaint (Kaua`i) in Civil No. CV 04-00126 ACK-BMK; Third Amended Complaint (Mililani) in Civil No. CV 04-00128 ACK-BMK; Defendant Franklin K. Mukai's Third-Party Complaint filed on September 26, 2005 in Civil No. 04-00125; Defendant Franklin K. Mukai's Third-Party Complaint filed on September 26, 2005 in Civil No. 04-00126; Defendant Franklin K. Mukai's Third-Party Complaint filed on September 26, 2005 in Civil No. 04-00128; Third-Party Defendants Sports Shinko Co., Ltd., Sports Shinko (Hawaii) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., Sports Shinko Resort Hotel Corporation, Sports Shinko (Waikiki) Corporation, and Ocean Resort Hotel Corporation's Answer To Defendant And Third-Party Plaintiff Franklin K. Mukai's Third-Party Complaint Filed On September 26, 2005; Third-Party Counterclaim Against Franklin K. Mukai, filed on January 13, 2006 in Civil Nos. 04-00125 ACK/BMK, 04-00126 ACK/BMK, and 04-00128 ACK/BMK.

Nonetheless, this Court has both entered "judgment" in the three civil cases identified by number above, and further notified all parties (via electronic notice) with the words "WARNING: CASE CLOSED on 04/10/2007."

5

Consequently, Defendant Mukai respectfully requests that this Court enter amended judgments in Civil Nos. CV 04-001245ACK-BMK, CV 04-00126ACK-BMK, and CV 04-00128ACK-BMK to appropriately reflect the disposition of all claims and all parties given the Court's determination that, from their inception, the Court lacked subject matter jurisdiction over those three cases identified by civil number above.  Defendant Mukai notes that the Court has determined that there was a lack of diversity jurisdiction, suggesting necessarily that the Court considered the citizenship of all parties to the litigation, including Defendant Mukai with the additional parties (generally Hawai'i corporations).  As the Court has already determined, 28 U.S.C. § 1332 requires complete diversity of citizenship, and Plaintiffs have alleged no other basis for subject matter jurisdiction in this Court.

Notably, in each of the three dismissed cases, Plaintiffs alleged that "Defendant FRANKLIN K. MUKAI … is a citizen of Hawai`i."  See Third Amended Complaint (Pukalani) in Civil No. CV 04-00125 ACK-BMK, at ¶ 4; Third Amended Complaint (Mililani) in Civil No. CV 04-00128 ACK-BMK, at ¶ 4; Second Amended Complaint (Kaua`i) in Civil No. CV 04-00126, at ¶ 11.  Equally

6

notable is the fact that Defendant Mukai admitted "that he is a citizen of the State of Hawaii…" in his answer to each of the aforementioned complaints.  See Defendant Franklin K. Mukai's Answer To Third Amended Complaint Filed January 19, 2007, filed on January 29, 2007 in Civil No. 04-00125 ACK/BMK, at ¶ 4; Defendant Franklin K. Mukai's Answer To Second Amended Complaint Filed July 12, 2005, filed on September 23, 2005 in Civil No. 04-00126 ACK/BMK, at ¶ 11; Defendant Franklin K. Mukai's Answer To Third Amended Complaint Filed January 19, 2007, filed on January 29, 2007 in Civil No. 04-00128 ACK/BMK, at ¶ 4. Since this Court has determined that both SS-USA and the KG Defendants are also citizens of Hawai'i, lack of complete diversity is apparent.

In any event, as the Court has determined that it "lacked subject matter jurisdiction over these three cases from their inception…[,]" Defendant Mukai respectfully submits that the Court lacks subject matter jurisdiction over all claims brought by Plaintiff SS-USA against all Defendants, and requests that this Court amend the judgments entered therein to dispose of all claims and all parties.

DATED: Honolulu, Hawaii, April 19, 2007.

   /s/ John Reyes-Burke
JOHN REYES-BURKE
Attorney for Defendant and
Third-Party Plaintiff FRANKLIN K. MUKAI